## STEPHEN GOSSELIN *et al.*

### *v.*

## HARRIET SMITH *et al.*

### *Filed at Ottawa October 29, 1894.*

1. DESCENT—*possession under claim of ownership is such title as will descend.* Possession of land under a claim of ownership is *prima facie* evidence of title with seizin of the inheritance, and is itself title in a low degree, which, upon the death of a possessor, will descend to his heirs in the same way as an absolute, indefeasible estate of inheritance.

2. ADVERSE POSSESSION—*possession of widow not hostile to heirs.* A widow who remains in possession of land of which her husband, dying intestate, was in possession under claim of title, will be presumed to hold the land under her statutory quarantine right, and her possession will not be adverse to the heirs of the estate.

3. SAME—*possession of heir holding under widow not adverse to other heirs.* An heir of one in possession of land under claim of title, who obtains possession from the widow before assignment of her dower, is in possession under the ancestor, and does not hold adversely to his co-heirs, as the widow has a quarantine right to the possession until assignment of her dower.

4. CO-TENANCY—*failure to contribute for expense of litigation not an abandonment of title.* Failure of tenants in common to furnish a co-tenant money to aid him in defending the title to the common lands in suits brought against him while in possession does not amount to an abandonment of their title, although they may be liable to him, on an accounting, for their share of such expenses.

5. SAME—*heir acquiring widow's right not chargeable with rents.* A tenant in common of lands who obtains the widow's quarantine right in such lands is not accountable to his co-tenants for rents and profits during the time previous to assignment of dower, or to the widow's death without assignment.

6. ESTOPPEL—*sharing consideration given for widow's right does not estop heir.* The receipt by heirs of a part of the consideration given the widow of their ancestor for surrender of possession of lands held by him, will not estop them from claiming an interest in such lands, or amount to an abandonment of title on their part, where the widow was entitled, at the time of such transfer, to hold the lands until her dower was assigned.

APPEAL from the Circuit Court of Cook county; the Hon. JEFFERSON ORR, Judge, presiding.

On November 18, 1887, appellees filed their bill for partition in the circuit court of Cook county, alleging they, with appellants, were the owners in fee of certain real estate in the bill described, and setting up the interest as claimed by appellees. This bill was subsequently amended and additional parties made defendants, and by reason of the death of certain of the complainants additional parties were made complainants.

From the allegations of the bill it appears that Stephen Gosselin, Sr., entered into possession of the land in the bill described in 1852, and erected a dwelling thereon, with other buildings, and enclosed the land by fencing, living thereon until his death, in 1865. At the time of his death he left surviving his widow, Genevieve Gosselin, and seven children. The widow, with certain of the children, remained in possession of the premises, certain parts of the premises being let by her, until 1869, when she delivered possession of the property to the appellant Stephen Gosselin. That possession was delivered to him, as claimed by him and set up in his answer, by reason of a transfer of certain property belonging to him to Genevieve Gosselin in consideration of the land in the bill described, he insisting that his father left a will, by which all his property was devised to Genevieve Gosselin. The property which Stephen let his mother have was a house belonging to him, which was removed from his premises to another lot owned by Genevieve, and which lot, with the building, was sold after her death, which occurred in 1871, and the proceeds of such sale were divided among her children. During the period from 1869 to the time of filing this bill, extended and expensive litigation occurred between the city of Chicago and Stephen Gosselin, the subject matter of which involved the right of the possession of the greater part of the land in this bill described. The litigation was determined in favor of Stephen Gosselin, and the possession by him was defended at much expense. This bill

seeks a partition and accounting against him. The cause
was referred to the master, who took proof, stated the
account, etc. Exceptions were filed by both parties, and
on a hearing a decree for partition was entered and an
accounting decreed. From that decree this appeal is
prosecuted.

The contention of the complainants was, that the
entry of Stephen Gosselin, Sr., was a disseizin ; that
when he died he had an interest in the land, which was
transmitted to his heirs by operation of law ; that the
widow came in only as dowager ; that her possession
supported the possession of the heirs ; that there was no
possession adverse to them until Stephen took up the
occupancy, in 1869 ; that Stephen being a co-heir, his
possession was their possession, it having originated, as
they claim, within twenty years of the filing of the bill.

The defendants claim that even if Stephen Gosselin,
Sr., ever had such an interest as passes by descent to his
heirs, an adverse possession commenced against them
when the widow entered in 1865, not as dowager or as
homesteader, but under the will ; that the will being in-
valid and therefore conferring no right, her entry under
it constituted a new disseizin ; that she held the posses-
sion as owner until 1869, when she transferred the prop-
erty, and the possession of it, for valuable consideration,
to Stephen ; that Stephen's possession was therefore
grafted upon her possession, and had its origin in 1865,
when her possession commenced upon the death of the
father,—more than twenty years before the filing of the
bill, which was not filed until 1887.

HENRY BOOTH, and YOUNG, MAKEEL & BRADLEY, for
appellants :

The will may not have been valid as a will, but it is
competent to show the ground or claim of one entering
into possession under it. *Comins* v. *Comins*, 21 Conn. 416.

The widow, in assuming ownership under the will, and having taken all the rents, thereby having forfeited all right to dower and homestead, was a disseizor, as against the heirs, from the beginning. 3 Washburn on Real Prop. (3d ed.) chap. 2, sec. 7, par. 26, p. 492; *Melvin* v. *Proprietors,* 5 Metc. 33; *Comins* v. *Comins,* 21 Conn. 413; Cooley's Blackstone, book 2, p. *276; *Fusselman* v. *Worthington,* 14 Ill. 136.

One of the requisites of a valid possessory title is, that it must be continuous. 3 Washburn on Real Prop. chap. 2, sec. 7, par. 19, p. *489.

In addition to the bar against the heirs by the adverse holding of the widow, they are barred by their own acts, constituting an abandonment of the title. 1 Washburn, chap. 13, sec. 1, par. 10; *Allen* v. *Holton,* 20 Pick. 465.

F. M. WILLIAMS, for appellees :

Possession of land is *prima facie* evidence of the highest estate in property—a seizure in fee. *Ricard* v. *William,* 7 Wheat. 59; *Preston* v. *Bourman,* 6 id. 500; *Blunt* v. *Arker,* 15 Wend. 522; *Yates* v. *Yates,* 76 N. C. 142.

Possessory title will descend to heirs. (*Mooney* v. *Oleson,* 21 Kan. 691.) And such is the general rule. *Ludlow* v. *McBride,* 3 Ohio, 241; *Phelan* v. *Kelly,* 25 Wend. 389; *Gillott* v. *Gaffeney,* 3 Col. 351; *Teabont* v. *Daniels,* 38 Iowa, 158.

Possession of land under a claim of ownership is sufficient to entitle a widow to dower. *Gordon* v. *Dickson,* 131 Ill. 141.

The widow may, in all cases, retain the full possession of the dwelling house in which her husband most usually dwelt next before his death, together with the outhouses and plantation thereto belonging, free from molestation and rent until her dower be assigned. (1 Scates, Treat & Blackwell's Stat. sec. 27, chap. on Dower.) In the face of this statute, how can she be regarded a wrongdoer,— a disseizor of the heirs? The effect of the statute is not open to controversy. *Riggs* v. *Girard,* 133 Ill. 619.

PHILLIPS, J.: The evidence shows that Stephen Gosselin, Sr., entered into possession of the lands in the bill described, in 1852, and erected buildings thereon, occupying one as a residence with his family, and claiming ownership of the land. That possession, with claim of ownership, continued until in 1865, when he died, leaving surviving him his widow and children as named in the bill. Possession of land under a claim of ownership has always been regarded as *prima facie* evidence of title with seizin of the inheritance, and is of itself title in a low degree. (*Davis* v. *Easley et al.* 13 Ill. 192 ; *Illinois and St. Louis Railroad and Coal Co.* v. *Cobb*, 68 id. 53 ; *Gordon* v. *Dickison*, 131 id. 141; *Record* v. *Williams et al.* 7 Wheat. 237.) Such title, on the death of one in possession under such claim of ownership, will descend in the same way as an absolute, indefeasible estate of inheritance. (*Phelan et al.* v. *Kelly*, 25 Wend. 389 ; *Mooney* v. *Olsen*, 21 Kan. 691; *Ludlow's Heirs* v. *McBride*, 3 Ohio, 240.) In the absence of a will, such estate, whatever it may be, on the death of the ancestor will be cast upon his heirs, and they are to be regarded as having possession by virtue of the descent so cast upon them. Such possession is the seizin of the *possessio pedis* of the ancestor transferred by operation of law. *Phelan et al.* v. *Kelly, supra; Ludlow's Heirs* v. *McBride, supra; Riggs et al.* v. *Girard et al.* 133 Ill. 619.

By section 27, chapter 34, of the Dower act, in force at the time of the death of Stephen Gosselin, Sr., the widow had the right to retain full possession of the dwelling house in which her husband most usually resided next before his death, together with outhouses and plantation thereto belonging, free from molestation and rent until her dower was assigned. This right given the widow did not make her interest hostile to the heirs, (if she had possession by virtue of such statute,) and her delivery of her possession to appellant Stephen Gosselin, Jr., in 1869, could create in him no title hostile to the other heirs. (*Riggs et al.* v. *Girard et al. supra.*) And if Stephen Gosselin,

Jr., as one of the co-heirs, derived possession from the widow, who was in possession under the Dower act referred to, he would be in possession under the common ancestor as well as through his co-heirs, and under such possession can not dispute their title. *Riggs et al.* v. *Girard et al. supra.*

This brings us to the discussion of the question as to the character of the title under which the widow entered. The evidence as to the execution of a will by Stephen Gosselin, Sr., was before the master, and his report shows a finding that no will was executed. The report in that respect was approved by the court. After a careful examination of the evidence we can reach no different conclusion. The weight of proof shows no will was signed by him, and none appears to have been probated. The paper dictated by him only had reference to his personal estate and funeral, and is entirely too vague and uncertain in its character to be considered sufficient to divest title. No will being shown, and a right of possession existing in the widow at the time of the death of her husband, the ancestor of the parties to the original bill, the presumption can only be indulged that her possession was in accordance with her right to the possession. The evidence is wholly insufficient to overcome such presumption. Her entry and possession were therefore no disseizin of the heirs of her husband, and the possession delivered by her to Stephen Gosselin, Jr., was not hostile to the rights of the heirs. The widow being in possession by virtue of law, and transferring her rights to Stephen Gosselin, Jr., for a valuable consideration, she could confer no greater right than existed in her, and the right in her, under the statute, continued to her death, in 1871. During such time the right of Stephen Gosselin, Jr., continued, and the right to all rents and profits existed in him until the death of the widow. This was a valuable consideration. The receipt by the heirs of the proceeds of the sale of the house given by Stephen to his mother, together

with the lot on which it stood, would not bar them from claiming an interest in the lands inherited from their ancestor, and could create no estoppel against them, nor amount to an abandonment of the title on their part. Neither would the fact that the complainants furnished no money to aid in defending the title against the city of Chicago in suits brought by it against Stephen Gosselin whilst he was in possession, amount to an abandonment of the title. A tenant in common may, in an accounting with other tenants in common, be allowed for all disbursements for the recovery, defense or protection of the joint property, but not the expenses in adverse suits between the tenants themselves. (*Lewis and Nelson's Appeal,* 67 Pa. St. 153.) The law giving the right of recovery for such expenses will not, for a mere failure to pay such sums, hold it to amount to an abandonment of claim of title.

Appellees assign cross-errors in the refusal of the court to confirm the master's report in charging appellants with rent of house from 1869 to 1889. We have seen the widow was entitled to the possession and rents and profits as her quarantine right, as it existed under the act in force in 1865, at the time of the death of the ancestor until her dower was assigned, and by an agreement with appellant Stephen Gosselin, Jr., her interest was conveyed to him. No dower ever having been assigned to her, her right to the rents and profits existed until her death, in 1871.

Complainants excepted to the ruling of the court in refusing to allow a charge against appellants for rent of house from 1869 to 1889. During the life of the widow Stephen Gosselin, Jr., was entitled to those rents, so that the exception is not well taken as made, even though the Statute of Limitations was not pleaded.

From a careful consideration of the record there is no error in the decree for partition, and no such error in stating the account for which reversal should be had. The decree is affirmed,                    *Decree affirmed.*