DAVID LAMBERT *et al.* Plaintiffs in Error, *vs.* ANN HEMLER, Defendant in Error.

*Opinion filed February 16, 1910—Rehearing denied April 7, 1910.*

1. PARTITION—*a title acquired by limitation will pass by will, but the burden of proof is on devisee.* A title acquired by twenty years' adverse possession will pass by will, but the devisee has the burden of proving that the possession of her testatrix was adverse, visible, notorious, exclusive, continuous and under claim of title.

2. LIMITATIONS—*ordinarily there can be no adverse possession among co-tenants.* The possession of one co-tenant is the possession of all, in contemplation of law, particularly where they derive title from the same person; but where there is actual ouster of the other co-tenants by the one in possession and notice to them of the possessor's hostile claim, the possessor may successfully assert adverse possession.

3. SAME—*proof of ouster must be strong as against co-tenants.* To establish ouster by a co-tenant the evidence must be stronger than is necessary to establish ordinary adverse possession.

4. SAME—*right of widow to possession under Widow's Quarantine act.* Under the Widow's Quarantine act the widow was entitled, until dower was assigned, to full possession of the husband's dwelling house and the out-buildings and plantation thereunto belonging, and hence the widow's continued possession of the whole farm after the husband's death was not adverse to the husband's heirs who inherited a half interest in the farm subject to the dower and homestead of the widow, who took the other half interest and to whom dower was never assigned.

5. SAME—*when it will be presumed that possession was not adverse.* If the possession of land by a widow is not inconsistent with her right as widow under the statute then in force and there is no proof tending to show that such possession was under any claim adverse to her co-tenants, it must be presumed that her pos-

session was not, in its inception, adverse to her co-tenants, who, as heirs of her husband, inherited one-half interest in the land. (*Kotz* v. *Belz,* 178 Ill. 434, distinguished.)

6. SAME—*when acts by widow do not show adverse possession.* Where the widow, under the statute then in force, was entitled, until dower was assigned, to the exclusive possession of land and to the rents and profits, the facts that she paid the taxes and assessments against the land and leased land to a co-tenant and collected and used the rent do not show that her possession was adverse to her co-tenants as to their portion of the land, where dower was never assigned to her.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

This was a bill in chancery filed in the circuit court of McLean county by the plaintiffs in error for the partition of eighty acres of land in said county.

It appears from the pleadings and proof that John Lambert, a resident of McLean county, died in the year 1872, intestate, leaving Nancy Lambert as his widow and no children him surviving. At the time of his death he was the owner of eighty acres of land in that county, occupied by himself and wife as a homestead. The plaintiffs in error are his brothers and sisters and nephews and nieces, descendants of deceased brothers and sisters. On the death of John Lambert his wife, Nancy, continued to occupy and carry on the farm for a period of twenty years, and thereafter leased the same until the time of her death, in the year 1905. During all of said time she applied to her own use the profits and rents produced by the real estate, paid taxes, made limited improvements and repairs on the buildings and fences, and paid an assessment for a drainage ditch amounting to $600, mortgaging the real estate to raise that amount. She also deeded to the drainage commissioners the right of way for the ditch, which crossed a corner of the farm. It is conceded that Mrs. Lambert, on the death of her husband, became the owner of one-half of

said real estate and was entitled to dower and homestead in the other half, and that dower and homestead were never assigned or set off to her therein by the heirs.

Nancy Lambert died in 1905, testate, and by her will devised to defendant in error, Ann Hemler, a niece, said eighty acres of land,—that is, not only the portion of the real estate passing to her by the Statute of Descent upon the death of her husband, but also the forty acres claimed by plaintiffs in error as the heirs of John Lambert. Shortly after the death of Nancy Lambert a bill was filed by plaintiffs in error seeking to have partitioned the real estate, and alleging that they were the owners of the undivided one-half thereof by inheritance from said John Lambert, and that upon his death they became seized of the same, subject to the dower and homestead interest of Nancy Lambert therein. To this bill the defendant in error, Ann Hemler, sole devisee of Nancy Lambert, filed an answer, admitting these facts, and alleging that Nancy Lambert, by reason of adverse possession under claim of ownership for a period of more than twenty years, was at the time of her death the owner of all of said real estate, and that defendant in error, Ann Hemler, as her sole devisee, became the owner thereof, and that plaintiffs in error have no title they can assert to said real estate.

From the evidence, in addition to the facts hereinbefore set out, it appears that the farm was spoken of among the neighbors as the "Nancy Lambert farm;" that once, about fifteen years before her death, Nancy Lambert, in the presence of her legal adviser and in the absence of all of the co-tenants, made the statement that the farm was hers, and again thereafter, when her will was written, stated to him the same thing in substance, and that her husband's brothers and sisters said they never expected anything from the farm, and at another time and to a different witness said she owned the farm but feared the drainage tax would take it.

The evidence shows the farm, at the time of Lambert's death, was not worth to exceed $30 an acre, and part of it was very wet; that after the drainage ditch was dug the farm became more productive and that its present value is $200 per acre, and that the increase in value is not due to any improvements made by Mrs. Lambert, but by reason of the gradual advance of land values in the vicinity of this land.

The master in chancery found and reported in favor of the plaintiffs in error, and recommended that a decree for partition in accordance with the prayer of the bill be entered. The court sustained exceptions to the master's report, and a decree was entered dismissing the bill for partition for want of equity, to reverse which decree this case was brought to this court on writ of error.

LILLARD & WILLIAMS, and N. W. BRANDICAN, for plaintiffs in error:

The rule is against presumptions of adverse possession and against presumptions of notice thereof, especially between co-tenants. Every presumption will, on the contrary, be made in favor of the true owner,—the holder of the legal title. When a hostile claimant asserts a benefit from his own wrong his acts are strictly construed, all inferences being against him. *Kirby* v. *Kirby*, 236 Ill. 255.

Adverse possession must be hostile in its inception in order to create title by limitation. *DeWitt* v. *Shea*, 203 Ill. 393; *Blair* v. *Johnson*, 215 id. 552.

A co-tenant, commencing with possession under title having a common source for all the co-tenant owners, can not, while under that possession and that title only, start or originate hostility of possession. The rule is otherwise if an outstanding title is acquired by a co-tenant out of possession, and who enters into possession under and by virtue of the title so acquired. *Carpenter* v. *Fletcher*, 239 Ill. 440; *DeWitt* v. *Shea*, 203 id. 393.

The widow has the right to retain possession of the entire premises in which she has homestead and dower, until her dower is assigned. And such possession cannot be adverse. *Musham* v. *Musham,* 87 Ill. 80; *Doan* v. *Walker,* 101 id. 635; *Trask* v. *Baxter,* 48 id. 407; *Riggs* v. *Girard,* 133 id. 620; *Strawn* v. *Strawn,* 50 id. 256.

The widow receiving all the rents and profits, she must also pay all the taxes and assessments and keep up repairs. *Strawn* v. *Strawn,* 50 Ill. 256; *Prettyman* v. *Walston,* 34 id. 192; *Riggs* v. *Girard,* 133 id. 620; *Todd* v. *Todd,* 117 id. 92; *Blair* v. *Johnson,* 215 id. 552.

Adverse possession by one co-tenant against another co-tenant is not established by such facts as possession and payment of taxes, however long continued; receiving continuously the rents and income of the land; mortgaging the land; making repairs and slight improvements, and even attempting to trade it, unless there is actual knowledge or notice to the other co-tenants, and that there was in such acts a hostile intent of adverse holding. And such hostility of intent must be clearly proved, as it can never be inferred or presumed. *Kirby* v. *Kirby,* 236 Ill. 255; *Todd* v. *Todd,* 117 id. 92; *Blackaby* v. *Blackaby,* 185 id. 94; *McMahill* v. *Torrence,* 163 id. 277; *Stevens* v. *Wait,* 112 id. 544; *Busch* v. *Huston,* 75 id. 344.

WELTY, STERLING & WHITMORE, for defendant in error:

A tenant in common may acquire title by adverse possession against his co-tenant. *Lavalle* v. *Strobel,* 89 Ill. 379; *Kotz* v. *Belz,* 178 id. 434; *Dawson* v. *Edwards,* 189 id. 60; *Steele* v. *Steele,* 220 id. 318; *Waterman Hall* v. *Waterman,* 220 id. 569.

Declarations by one in actual possession of land are a part of the *res gestæ* of possession and admissible as explanatory of the title. *Knight* v. *Knight,* 178 Ill. 553; *Kotz* v. *Belz,* 178 id. 434.

Proof that a party in possession of premises was generally reputed to be owner of the same is competent to show notoriety of possession, knowledge thereof by other parties and that the possession was under claim of title. *Knight* v. *Knight,* 178 Ill. 553.

Mr. JUSTICE HAND delivered the opinion of the court:

There is but one question in this case, and that is whether the facts relied upon by defendant in error, Ann Hemler, are sufficient, in law, to establish her contention that the possession of Nancy Lambert of the eighty-acre tract subsequent to the death of her husband was such as ripened into title which passed to her by the terms of said will. If the limitation is established by the facts, the title of the testatrix thereby acquired is such an interest as would pass to the defendant in error under the terms of the will. (*Gosselin* v. *Smith,* 154 Ill. 74.) The burden is upon defendant in error, Ann Hemler, to establish all the material facts necessary to sustain her contention by a preponderance of the competent evidence heard in the case,—that is to say, she must prove that the possession of her testatrix was hostile or adverse, actual, visible, notorious and exclusive, continuous and under claim of title. (*Clark* v. *Jackson,* 222 Ill. 13.) "All these elements must be made out by clear and positive proof." (*Roby* v. *Calumet and Chicago Dock Co.* 211 Ill. 173.) "Adverse possession cannot be made out by inference or implication, for the presumptions are all in favor of the true owner, and the proof to establish it must be strict, clear, positive and unequivocal." (*Zirngibl* v. *Calumet and Chicago Dock Co.* 157 Ill. 430.) It was said in *Kirby* v. *Kirby,* 236 Ill. 255, on page 265: "From the earliest decision in this State to the present time it has been held that a party claiming title by adverse possession must prove his possession was adverse to the true owner, by clear and positive evidence. This cannot be established by inference, but the proof must show clearly

that the party in possession claimed the land as his own, openly and exclusively."

Ordinarily there is no adverse possession between co-tenants. The possession of one co-tenant is the possession ·of all, in contemplation of law, and not adverse, especially where all the parties derive title, as they did in this case, from the same ancestor; (*McMahill* v. *Torrence*, 163 Ill. 277;) but where there is actual ouster, and notice or knowledge of hostile claim by one co-tenant in possession brought home to the other co-tenants, adverse possession may be successfully asserted. This court has held that to sustain an ouster. by a co-tenant the evidence must be stronger than to sustain ordinary adverse possession. *Nickrans* v. *Wilk*, 161 Ill. 76.

At the time of the death of the husband of Nancy Lambert the statute usually referred to as the Widow's Quarantine was in force, which gave her the right to retain full possession of the dwelling house in which her husband most usually dwelt, together with the out-houses and plantation thereto belonging, free from molestation and rent until her dower was assigned. (1 Gross' Stat. 1845, chap. 34, sec. 27.) The evidence establishes that the real estate in question was within the terms of the statute, and that dower was never assigned or set off by the plaintiffs in error, and that the widow, after the death of John Lambert, continued to occupy the premises as she had done before his death and as she had a right to do under the statute, and that such would be the presumption of law, nothing appearing to establish the contrary. There is no evidence in this record tending to show that the widow's possession of the portion of the real estate belonging to the plaintiffs in error, in its inception, was under claim of ownership hostile or adverse to their interest. The presumption must therefore be in favor of the true owners of the real estate, and we must assume, the contrary not appearing, that her possession of the real estate was by vir-

tue of the statutory right hereinbefore referred to, and not adverse to the title of the plaintiffs in error but entirely consistent and in harmony with such title. (*Riggs* v. *Girard*, 133 Ill. 619.) Until dower was assigned the widow was entitled to the exclusive possession of the premises, the right to use them and apply the profits exclusively to her use, or to lease them and receive the rents accruing under the lease. She could have maintained ejectment against the heirs in the event they had obtained possession without her consent, and her right to possession was exclusive until her dower was assigned. (*Riggs* v. *Girard, supra.*) So the evidence of use and leasing is not, of itself, sufficient to establish that her possession was adverse. Inasmuch as she received all the rents and profits produced by the land, it was her duty, under the law, to pay the taxes and special assessments levied against the real estate, and the payment by her of taxes and assessments is not inconsistent with the contention of the plaintiffs in error. (*Riggs* v. *Girard, supra.*) Nor was the leasing of the real estate to one of the plaintiffs in error inconsistent with the position here taken by them. Until dower was assigned the widow had absolute control of the premises and the right to lease the same and collect the rents thereon. The evidence as to improvements made by the widow while in possession shows that she expended but little, and there is proof tending to show that the improvements actually deteriorated during her occupancy. We are of the opinion that this evidence is entitled to but slight weight in arriving at a conclusion in this case. The declarations as to claim of ownership made by Nancy Lambert were made less than twenty years prior to her death. The deeding of the right of way for the ditch and the mortgaging of the premises for the purpose of raising the money to pay the drainage assessment are not conclusive evidence as to the assertion of ownership of the whole on the part of Nancy Lambert. She was the owner of one-half of the real estate and entitled to the

use of all of it until dower was assigned.   The evidence discloses the construction of the ditch by the drainage district benefited the land considerably, and proportionately was of as much benefit to plaintiffs in error as to Nancy Lambert, and therefore the deeding of the right of way and the executing of the mortgage for raising the money with which to pay the assessment made by the drainage district for the construction of the ditch were not inconsistent with the interest of plaintiffs in error in the real estate. The fact that the farm was known as the "Nancy Lambert farm" goes only to the element of the openness and notoriety of her possession.   There is no doubt, under the evidence, that she occupied the farm from her husband's death until her death, and if the other elements of adverse possession were as clearly established, the bar to an assertion by the owners of the legal title of their rights in the real estate would be complete.

As we have heretofore stated, there are five elements that must be clearly established by the evidence before the decree in this case can be sustained, and the proof fails to establish that Nancy Lambert's possession in the beginning was hostile or adverse to the true owners and does not overcome the presumptions in their favor, and is not sufficient to justify the decree entered in this case.   The evidence fails to establish that the possession of Nancy Lambert was in the beginning adverse to the plaintiffs in error, and her possession was consistent and in harmony with their rights in the premises.

Much reliance is placed by the defendant in error, Ann Hemler, upon the case of *Kotz* v. *Belz,* 178 Ill. 434, as an authority in point and sustaining her contention in this case.   The cases are not alike upon the facts and are clearly distinguishable.   In the *Kotz case* one Weber died, leaving a widow and no children him surviving.   The evidence shows that he died testate; that his will was admitted to probate but was burned shortly thereafter in the Chicago

fire, and upon the trial its provisions were not clearly proven. However, the evidence showed that Weber owned real estate which was occupied by him and his wife, at the time of his death, in part as a home, and that he rented a part thereof as a saloon and another portion was occupied by a tenant as a residence. The widow at once, upon his death, went into possession of all of this real estate, claiming to be the sole devisee of her husband and by virtue of his will the sole owner thereof. Her declarations, made immediately after the death of Weber, were, that he had given everything to her by his will, and at the time she made these declarations she had taken possession of the premises, was collecting the rents thereon and claiming to own the whole in her own right, as devisee and legatee under her husband's will. The evidence clearly established that she based her right to possession under a claimed title through the will of Weber, and this court expressly found, in view of the foregoing facts, that the contention that she occupied the premises by virtue of the Widow's Quarantine act was not sustained by the evidence. Her possession was clearly established to be adverse to the heirs. In the case at bar there is no evidence tending to show that the widow remained in possession of the premises under any claim adverse to her co-tenants, and therefore the contrary presumption must obtain,—that is, that her possession was not adverse to but in accordance with the rights of the true owners of the premises, and that she remained in possession by virtue of the statute, which gave her the right to hold said premises until dower was assigned.

The evidence in this case failing to establish the contention of the defendant in error, the decree of the circuit court of McLean county is reversed and the cause remanded to that court, with directions to enter a decree therein consistent with the views herein expressed.

*Reversed and remanded.*