(No. 15892.—Decree affirmed.)
ARTHUR JASTER *et al.* Plaintiffs in Error, *vs.* GERTRUDE SPIKINGS *et al.* Defendants in Error.

*Opinion filed April 14, 1924.*

1. LIMITATIONS—*what adverse possession will constitute a title.* Adverse possession which may by lapse of time constitute a legal title must be hostile or adverse in its origin, actual, visible, notorious, exclusive and continuous, and under a claim of ownership.

2. PARTITION—*what does not establish an adverse possession by ancestor.* Proof that the ancestor of the complainants in a partition proceeding married the widow of the intestate owner of the land and lived with her upon it for many years until her death does not establish a case of adverse possession in their ancestor, where his possession was not adverse in its origin but was by reason of the marriage and was not exclusive but in common with the widow, who, because dower was never assigned to her, had a right of possession until her death, at which time the title of descendants of the original owner became perfect in possession.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

GUSTAVE NEUBERG, (H. J. GOLDBERGER, of counsel,) for plaintiffs in error.

WYMAN, HOPKINS, McKEEVER & COLBERT, (VINCENT D. WYMAN, and AUSTIN L. WYMAN, of counsel,) for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error involves the title to a ten-acre tract of farm land in Cook county. A bill for the partition of it was dismissed for want of equity and a decree was entered on a cross-bill, quieting title in the cross-complainants, the defendants in the original bill. This writ of error was sued out by the complainants in the original bill.

Hobart Cannon acquired title to the land on February 22, 1864, and died intestate on March 5, 1864, survived by his widow, Gertrude, his son, Gangolf, and a daughter, now Gertrude Spikings, born about three months later. The widow married John Kuhl, a widower with one daughter, in 1868, and they had eight children, two of whom have died, one leaving a husband and six children, the other a husband and four children. Mrs. Kuhl also died, and the children of John and Gertrude Kuhl, the children of their two deceased children, and Sophie Edinger, John Kuhl's daughter by his first marriage, filed their bill for the partition of the land against Gangolf Cannon and Gertrude Spikings, who filed a cross-bill. The plaintiffs in error claim title by descent from their father, John Kuhl, who, they claim, acquired title by adverse possession. When Gertrude Cannon married John Kuhl she was in possession of the land, and after the marriage she continued to live on the farm with her husband, who cultivated it. There is no evidence that he ever made any claim to own the land, but, on

the contrary, he stated to several witnesses that he did not own the farm but his wife did.

Adverse possession which may by lapse of time constitute a legal title must be hostile or adverse in its origin, actual, visible, notorious, exclusive and continuous and under a claim of ownership. (*Zirngibl* v. *Calumet and Chicago Canal and Dock Co.* 157 Ill. 430.) The complainants failed to establish several of these elements. The origin of John Kuhl's possession was not adverse, for it was by reason of the marriage and by consent of his wife; it was not under a claim of ownership, for he repudiated such claim; it was not notorious, for there was nothing to distinguish it from the ordinary possession by the family of land belonging to either the husband or the wife; and it was not exclusive, for the husband and wife occupied it in common. The exclusive possession by a husband of his wife's land is not necessarily adverse, especially when there is no proof of his claiming ownership. (*Horn* v. *Metzger,* 234 Ill. 240.) On the death of Hobart Cannon the property descended to the defendants in error. The statute then provided that the widow might retain possession of the dwelling house in which her husband most usually dwelt next before his death, together with the out-houses and plantation thereunto belonging, free from molestation and rent until her dower was assigned. (Rev. Stat. 1845, chap. 34, sec. 27.) Dower was never assigned to her. Under the statute she had the right of possession until that was done. (*Lambert* v. *Hemler,* 244 Ill. 254.) That was the origin of her possession. There is no evidence she ever claimed any other title. Upon her death this right came to an end and the title which the defendants in error inherited from their father in 1864 became perfect in possession.

The decree was right. It is affirmed.

*Decree affirmed.*