DANIEL RICH, Appellant, *vs.* CHRISTIAN NAFFZIGER *et al.* Appellees.

*Opinion filed June 21, 1912—Rehearing denied October 3, 1912.*

1. LIMITATIONS—*acts of possession by persons between whom there is no privity cannot be joined.* Privity of estate or title is necessary between successive disseizors to authorize the joining of their several possessions so as to make one continuous possession.

2. SAME—*when several possessions will be joined and considered as one.* Where one having title, by deed, to a lot or tract of land described in the deed also has enclosed with it and in his possession adjoining land to which he has no record title, if he conveys the land by the description in the deed and delivers with it, to his grantee, the possession of the entire enclosure, the continuity of possession is not broken and the two possessions will be joined and considered as one.

3. SAME—*title to premises not described does not depend upon the deed but upon possession.* The title to premises in possession but not described in the deed does not depend upon the deed but upon possession, and hence the mere making of a deed will not pass title to land not described therein but enclosed with the land described, unless possession is delivered to the entire enclosure.

4. SAME—*a paper transfer is not necessary to connect adverse possessions.* The privity between two disseizors which will authorize the tacking of their possessions is not established by a mere deed from one to the other, but the deed is proper to be

considered in determining whether possession of the land in the enclosure not described in the deed was taken at the same time as the possession of the land described therein.

5. SAME—*possessions may be tacked though deed to last disseizor is by a master in chancery.* Where one in possession of a strip of land to which he has no title but which is enclosed with land to which he has title dies intestate, his estate is cast upon his heirs and his possession is transferred to them by operation of law, and if the heirs remain in possession until after a partition sale and then deliver possession to the purchaser, the possession of the heirs and their ancestor may be tacked to the possession of the purchaser, although his deed is made by the master in chancery in pursuance of the partition decree.

6. SAME—*a transfer of possession may be proved by parol.* A transfer of possession of premises from one disseizor to another need not be proved by deed but may be established by parol, as no deed is necessary to support a title by adverse possession where a party takes possession under a claim of ownership and holds the premises for the time required, under the statute, to complete the bar.

7. SAME—*what privity is required in order that possessions may be tacked.* The privity required in order that several possessions may be tacked is that there must be a continuous possession by mutual consent, so that the possession of the true owner can not constructively intervene.

APPEAL from the Circuit Court of Tazewell county; the Hon. T. N. GREEN, Judge, presiding.

CHAS. A. WALTMIRE, PRETTYMAN, VELDE & PRETTYMAN, and DAILEY & MILLER, for appellant:

Tacking of possession is permissible only when the successive occupants have held the possession in the same right,—in other words, when there is a privity of estate between them. Sedgwick & Wait on Trial of Title to Land, (2d ed.) pars. 746, 747; *Ely* v. *Brown,* 183 Ill. 574; 1 Am. & Eng. Ency. of Law, (1st ed.) 269-271; 2 id. 449, 450; *Erck* v. *Church,* 4 L. R. A. 648; 1 Greenleaf on Evidence, sec. 189; *San Francisco* v. *Fulde,* 37 Cal. 353; Tyler on Ejectment, 911-917; *Railroad Co.* v. *Hatter,* 207 Ill. 88; *Simpson* v. *Downing,* 23 Wend. 315;

*Sawyer* v. *Kendall,* 10 Cush. 241; *Ward* v. *Bartholomew,* 6 Pick. 408; *Wade* v. *Lindsey,* 6 Metc. 407; *Jackson* v. *Leonard,* 9 Cow. 653; *Doe* v. *Campbell,* 10 Johns. 475.

Christian Naffziger could not acquire title by mere possession of the strip in controversy. It must have been adverse possession, and whether it was adverse depends upon the intention with which it was taken or held. 1 Am. & Eng. Ency. of Law, (1st ed.) 227, 248, 249; *Carroll* v. *Rabberman,* 240 Ill. 450; *McNamara* v. *Seaton,* 82 id. 498; *Jackson* v. *Berner,* 48 id. 203; *Zirngibl* v. *Dock Co.* 157 id. 430.

JESSE BLACK, JR., POTTS & CONAGHAN, and J. M. POWERS, for appellees:

It was not necessary that the defendant should have intended to take possession of and hold land that did not belong to him, but if he occupied the land up to the fence for twenty years, claiming to own it, the Statute of Limitations was an effectual bar to plaintiff's action. *Daily* v. *Boudreau,* 231 Ill. 228; *Rich* v. *Naffziger,* 248 id. 455.

A possession of land, in order to be adverse, need not be under any muniment of title. Adverse possession is a possession inconsistent with the right of the true owner and depends upon the intention with which it is taken and held, and an actual occupancy of land by one, accompanied by acts of ownership inconsistent with the fact of ownership in another, is, presumptively, adverse possession. *Faloon* v. *Simshauser,* 130 Ill. 649; *Grim* v. *Murphy,* 110 id. 271.

Adverse possession may be proved by a mere preponderance of evidence, like any other issue. *Grim* v. *Murphy,* 110 Ill. 271.

Where the evidence is conflicting it is the duty of the jury to determine the case according to the weight of the evidence. *Noyes* v. *Heffernan,* 153 Ill. 339.

Where several persons enter on land in succession the several possessions can be tacked so as to make a continuous possession, where there is privity of estate or the several titles are connected. The privity thus required to constitute continuous adverse possession may be effected by deed or conveyance or parol agreement or understanding. *Kepley* v. *Scully,* 185 Ill. 52.

The possession of Christian Schwarzentraub and Christian Naffziger was acquired and retained under claim of title inconsistent with that of the true owner. It was not necessary that such claim should be under a muniment of title. It is enough that a party takes possession of premises claiming them to be his own, and that he holds the possession for the requisite length of time, with the continual assertion of ownership. *Turney* v. *Chamberlain,* 15 Ill. 271; *Flaherty* v. *McCormick,* 113 id. 538.

The identity and continuity of successive adverse possessions may be shown by parol. No writing was necessary to establish the fact that the heirs of Christian Schwarzentraub transferred their possession of the strip in dispute to Christian Naffziger, and that Christian Naffziger took possession of this strip claiming under the heirs of Christian Schwarzentraub. Proof, by parol, of such a transfer is sufficient evidence of privity to permit the successive possessions to be tacked. *Weber* v. *Anderson,* 73 Ill. 439; *Faloon* v. *Simshauser,* 130 id. 649; *Kepley* v. *Scully,* 185 id. 52; *Railroad Co.* v. *Keegan,* 185 id. 70; *Rich* v. *Naffziger,* 248 id. 455; *Wischart* v. *McKnight,* 178 Mass. 356.

Mr. JUSTICE FARMER delivered the opinion of the court:

This case was before us at a former term and the opinion then delivered will be found at page 455 of volume 248 of the Illinois Reports. We reversed the judgment and remanded the case for error in an instruction given for appellees, which, in effect, placed the burden upon appellant of proving that appellees did not have title to the disputed

premises by adverse possession. Another trial in the circuit court resulted in a verdict and judgment for defendants, and plaintiff has again brought the case to this court by appeal.

Our former opinion contains a statement of the case and a history of the controversy out of which this litigation arose. We will not repeat that statement here in full, but will briefly say the action was *quare clausum fregit* brought by appellant, and the issues made by the pleadings involved the title to a narrow strip of land off the west side of the north half of the south-east quarter of section 5, township 25, north, range 2, west of the third principal meridian, in Tazewell county. The strip of land involved is nine feet wide at the south end, fifteen feet wide at the north end, and extends from the south line of the north half of the south-east quarter of section 5 to the north line of said tract. Appellant has title of record to the whole of the south-east quarter of said section 5. Christian Naffziger owns the north half of the south-west quarter of said section, and his son, Peter Naffziger, is his tenant. Before Christian Naffziger became the owner of said tract the whole of the south-west quarter of said section 5 belonged to Christian Schwarzentraub, who died in November, 1888. By virtue of a decree in a partition suit between the heirs of Schwarzentraub the north half of the south-west quarter of section 5 was sold to Christian Naffziger on June 5, 1889, and a deed therefor executed to him by the master in chancery. At the time of said sale Fred Schwarzentraub was in possession of said eighty-acre tract as tenant, and the decree provided the purchaser should have the rents for the year 1889 and the possession of the premises on March 1, 1890. While the strip of land in controversy was a part of the eighty acres to which appellant had paper title, it was in the enclosure with the north half of the south-west quarter from 1885 until April, 1909, when appellant, without leave of or notice to appellees, removed the south forty

rods of fence from the line known in this record as the Oswald line, west to the line of the commission survey established in March, 1909. The fence was built on the Oswald line as early as 1885, and thereafter Schwarzentraub and his heirs had possession of and cultivated all the land on the west side of the fence until the sale to Christian Naffziger, and from March 1, 1890, he has continued in possession and cultivated all the land on the west side of the fence. Appellant and his predecessor in title have during all that time possessed and cultivated the land on the east side of the fence.

It will be seen Christian Naffziger himself had not been in possession of the disputed premises quite twenty years, but if the possession of Schwarzentraub be tacked to his, the period of adverse possession is more than twenty years. The proposition principally relied upon by appellant for reversal of the judgment is that there was no privity between Christian Schwarzentraub and Christian Naffziger, and therefore the possession of the former cannot be tacked to the latter. The rule of law as laid down by the decisions of this and other States is, that privity of estate or title is necessary between successive disseizors to authorize joining together the several possessions so as to make a continuous possession. Acts of possession at different times, by different persons between whom there is no privity, cannot be joined. *Ely* v. *Brown,* 183 Ill. 575.

It is conceded by appellant that if Christian Schwarzentraub or his heirs, if adults, had conveyed the north half of the south-west quarter of section 5 to Christian Naffziger and had delivered to him possession of the entire enclosure up to the division fence, the possession of Schwarzentraub could be tacked to that of Naffziger and form a continuous possession, but it is insisted that as the conveyance of the eighty acres to Naffziger was made by the master in chancery under the decree in the partition suit there could be no privity of estate or title between Naff-

ziger and Schwarzentraub and that the two possessions could not be joined. Where a person having title, by deed, to a lot or tract of land described in the deed also has enclosed with it and is in possession of adjoining land to which he has no record title, and conveys the land by the description in the deed and delivers with it the possession of the entire enclosure, the continuity of possession will not be broken and the two possessions will be joined and considered as one continuous possession. This result, however, does not necessarily follow the making of the deed describing the land to which the grantor had paper title. The title to premises in possession but not described in the deed to the claimant does not depend upon a deed but upon possession alone, and for that reason will not pass by a conveyance describing only the land to which the grantor has record title, but possession of the land not described in the deed must be delivered. The privity between two disseizors which will authorize tacking their possessions is not, therefore, established by a deed from one to the other. (*Illinois Central Railroad Co.* v. *Hatter,* 207 Ill. 88.) The deed is proper to be considered in determining whether possession of the land in the enclosure not described in the deed was taken at the same time as the possession of the land described therein, and where the deed is followed by the delivery of possession of the entire enclosure it is sufficient evidence of a transfer of possession to raise the requisite privity between the parties. But a paper transfer is not necessary to connect adverse possessions. It may be a means in establishing the fact of privity but is not the only means. (*Illinois Steel Co.* v. *Budzisz,* 106 Wis. 499; 48 L. R. A. 830.) In discussing the circumstances under which the possession of disseizors may be joined, the Wisconsin Supreme Court said in *Illinois Steel Co.* v. *Paczocha,* 139 Wis. 23: "The only essential of the transfer is that the predecessor passes it to the successor by mutual consent, as distinguished from the case where a possessor

abandons possession generally, and another, finding the premises unoccupied, enters without contract or relation with the former."

In *Weber* v. *Anderson,* 73 Ill. 439, the owner of a lot conveyed all of it but a ten-foot strip off one side to the president of a plank-road company. The grantee took possession of the entire lot and enclosed it with a fence, claiming title to the whole of it, and remained in possession from 1849 to 1863. It then sold the premises, and in the conveyance described them as they were described in the deed made to it but delivered to the purchaser possession of the entire lot. The purchaser held possession until May, 1870, and then conveyed the entire lot to another. One of the questions in the case when it was before this court was whether the possession of the plank-road company and its grantee could be joined and considered as a continuous possession for twenty years. It was contended by the appellant that the transfer of possession could not be proved by parol but must be proved by deed. This court held that no deed is necessary to support title by adverse possession, but that it is sufficient for a party to take possession under a claim of ownership and hold the premises for the time required by the statute to complete the bar; that a deed is not necessary to prove the transfer of the possession but such transfer may be shown by parol. The court referred to and quoted from decisions of other States, as follows: "In the case of *Smith* v. *Chapin,* 31 Conn. 531, the Supreme Court of Connecticut, in deciding a question similar to the one in this case, says: 'Doubtless the possession must be connected and continuous, so that the possession of the true owner shall not constructively intervene between them; but such continuity and connection may be effected by any conveyance, agreement or understanding which has for its object a transfer of the rights of the possessor or of his possession, and is accompanied by a transfer of possession in fact.' In *Menkins* v. *Blumenthall,* 27 Mo. 203, it

was held whether one occupant receives his possession from a prior one or is a mere intruder upon an abandoned lot is a question of fact, which may be determined by any testimony which is legitimate and pertinent. We know of no rule of evidence which confines the proof to a deed or written instrument. In *Crispin* v. *Hannoven,* 50 Mo. 544, the doctrine announced in the last case cited is approved, and the court adds: 'Not even a writing is necessary if it appear that the holding is continuous and under the first entry.' In *McNeely* v. *Langan,* 22 Ohio St. 32, the same question arose, and it was there held: 'The mode adopted for the transfer of the possession may give rise to questions between the parties to the transfer, but as respects the rights of third persons, against whom the possession is held adversely, it seems to us to be immaterial, if successive transfers of possession were, in fact, made, whether such transfers were effected by will, by deed or by mere agreement, either written or verbal.' "

In *Faloon* v. *Simshauser,* 130 Ill. 649, it was contended by the appellant that in order to avail of the bar under the Statute of Limitations, privity of estate with the prior disseizors must be shown by purchase and conveyance of disseizin. Upon this question the court said: "It is a sufficient answer to this claim, and to the authorities cited to show it is essential to establish by a deed that appellees are connected with the adverse possessions of Allen and Sarah B. Withers, to say that the question is not an open one in this State, and that, the rule having been years ago determined otherwise by this court and it being a rule of property upon which many titles may depend, such former ruling will be adhered to without any re-examination of the conflicting authorities in respect thereto."

The privity required is that there must.be a continuous possession by mutual consent, so that the possession of the true owner shall not constructively intervene. The possession of one who had abandoned the premises could not be

joined with the possession of one who found them unoccupied, and, without any connection with the former possession, entered upon the land. In the case before us Christian Schwarzentraub was at the time of his death, and had been for some years, in the possession of the land in controversy. He was *prima facie* the owner of it, and upon his death his estate in it was cast upon his heirs, to whom his possession was transferred by operation of law. (*Gosselin* v. *Smith*, 154 Ill. 74.) They remained in possession until after the partition, when they surrendered their possession to Christian Naffziger. The title he acquired by the master's deed did not describe or embrace the strip of land in controversy, but the proof shows he succeeded the Schwarzentraubs in the possession of it, and we are of opinion it must be held the two possessions are lawfully joined.

The proof of appellees was abundant to the effect that their possession was adverse, and it was not sufficiently weakened by the testimony on behalf of appellant that we can say the jury were not justified in finding the evidence established title in appellees by adverse possession, and in our opinion there was no error in the rulings of the court in the admission of testimony that unduly prejudiced appellant. We have read the evidence and are satisfied the verdict was warranted by it. We can see no reason to suppose that a different result might obtain on another trial. The proof of appellees met the requirements of the rule stated in *Zirngibl* v. *Calumet Dock Co.* 157 Ill. 430, and other decisions of this court, upon the degree of proof necessary to establish title by adverse possession. No substantial error was committed by the trial court in giving and refusing instructions.

The judgment is affirmed.          *Judgment affirmed.*