(No. 33266.—

LEONARD J. SCHWARTZ *et al.,* Appellees, *vs.* OLIVER G. PIPER *et al.,* Appellants.

*Opinion filed November 18, 1954—Rehearing denied Jan. 18, 1955.*

JESSE R. BROWN, of Edwardsville, for appellants.

HAROLD G. TALLEY, of Alton, for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Leonard J. Schwartz and Verna Schwartz, plaintiffs, filed a complaint in the circuit court of Madison County seeking to establish title to a trapizoidal strip of land lying between their residence and a residence owned by the defendants, Oliver G. Piper and Anna E. Piper in the city of Edwardsville. This appeal is from a decree quieting title to the disputed tract in the plaintiff Leonard J. Schwartz, and permanently enjoining defendants from use of the property. A freehold is involved.

Main Street in the city of Edwardsville runs in a northwesterly and southeasterly direction, but for purposes of this opinion we shall refer to it as running north and south. Leonard J. Schwartz is the owner of record of a tract fronting on Main Street 84 feet by 208 feet deep. Oliver G. Piper and Anna E. Piper are the owners of record of a tract adjoining the Schwartz tract on the south fronting

on Main Street 72 feet by 150 feet deep. The tract in dispute adjoins the Schwartz tract on the south. It is a strip off the north side of the Piper tract ten feet wide at the front on Main Street, 150 feet deep and three feet wide at the rear. It is undisputed that the record title to this strip is in the Pipers. Both the Schwartz and the Piper tracts are improved with dwelling houses and occupied by the respective parties as homesteads. There are no buildings on the disputed tract.

The titles to both the Schwartz and Piper tracts were derived from one Ivan L. Zurkuhlen, who acquired title by warranty deed in 1896. In 1902 Ivan Zurkuhlen conveyed the Schwartz tract to one John Zimmerscheid who, in turn, conveyed to Agnes McKee in 1904. In 1919 Agnes McKee conveyed to Henry and Etta Buck and they in turn conveyed to Leonard J. Schwartz in 1921. All conveyances were by warranty deed and none of them purport to include any part of the disputed tract.

Ivan L. Zurkuhlen conveyed the Piper tract to his son, Fred Zurkuhlen, in 1908, who in turn conveyed to Etta Worden in 1921. Etta Worden conveyed to the defendant Anna E. Piper by deed dated March 15, 1945. All of these conveyances were by warranty deed. In 1947, by quitclaim deeds and the use of a straw party, a joint tenancy in this tract was created in Anna E. Piper and Oliver G. Piper. Each of these conveyances include all of the tract which is in dispute.

It appears from the evidence that the various owners and occupants of the respective tracts lived peacefully as neighbors from the time of the sale of the Schwartz tract by Zurkuhlen in 1902 until the summer of 1952 when a dispute arose between plaintiffs and defendants as to the location of the property line between the two tracts. Prior to that time there had never been any controversy as to the location of the line. When the dispute arose plaintiffs employed an engineering firm to survey their premises

and defendants had the city engineer measure their tract. The surveyor placed stakes to mark the south line of the Schwartz tract and this coincided with the measurement made by the city engineer establishing the north line of the tract described in the Piper deed. On October 27, 1952, the Pipers built a fence, constructed of steel posts and two strands of wire, upon the line established by such survey and measurement. This fence is on the north line of the disputed tract. It further appears that prior to 1952 there were no stones, stakes, monuments or visible markings of any kind marking the dividing line between the two tracts except that during the period from about 1903 to 1917 there was an iron fence maintained on the dividing line. This old iron fence was removed about 1917 and no trace of its location remained after its removal.

A plat admitted in evidence by stipulation of the parties shows that the residence on the Schwartz tract is located approximately three and one-half feet north of the north line of the disputed tract and that a concrete sidewalk three and one-half feet wide runs along the south side of the residence so that the south edge of the Schwartz sidewalk very nearly coincides with the north line of the disputed tract. The plat also shows that the north side of the Piper residence is approximately thirty-five feet south of the north line of the disputed tract and that there is a crushed stone driveway running from Main Street east on the Piper tract. The north line of the driveway coincides with the south line of the disputed tract.

Photographs admitted in evidence show that there is a cedar tree, some lilac bushes and other shrubbery located on the disputed tract very near the north line thereof, and a large tree near the front about one foot north of the north line of the Piper driveway. There is a clothes-line pole and a garbage can rack located toward the rear near the north line of the disputed tract. The clothes-line pole and garbage can rack were placed there by defendants after

they purchased the Piper tract in 1945 and have been used by them since their erection. Some of the shrubbery was planted there by plaintiffs and their predecessors in title and defendants planted some flowers there. There is a dispute as to who mowed the grass on the strip, it appearing that both parties mowed it part of the time. There are now no monuments, corner stones, stakes or other visible markers to indicate where there was ever any established line recognized as the dividing line by the parties hereto or any of their predecessors in title.

Plaintiffs claim title to the disputed tract by reason of adverse possession for more than twenty years under section one of an act in regard to limitations, (Ill. Rev. Stat. 1951, chap. 83, par. 1.) The complaint alleges that plaintiff and his predecessors in title have been in open, continuous, actual, notorious, visible, exclusive, uninterrupted and adverse possession of said strip for more than 49 years prior to October 27, 1952. The complaint was filed November 1, 1952.

Defendants' answer, so far as material here, consists of a general denial and claim of ownership by title of record.

The only material question raised by the briefs is one of fact, and the test is whether the proof shows that plaintiff and those under whom he claims title have been in the actual, open, exclusive, adverse and continuous possession of the disputed strip for twenty years or more, under a claim of ownership inconsistent with the claim of ownership of the holder of the record title.

It is well settled that the adverse possession which is required to constitute a bar to the assertion of a legal title by the owner must include these five elements: It must be (1) hostile or adverse, (2) actual, (3) visible, notorious and exclusive, (4) continuous, and (5) under claim of ownership. (*Zirngibl* v. *Calumet and Chicago Canal and Dock Co.,* 157 Ill. 430; *Augustus* v. *Lydig,* 353 Ill. 215.)

If the record does not establish all of those conditions plaintiff cannot prevail. (*Bugner* v. *Chicago Title and Trust Co.* 280 Ill. 620.) Furthermore, the doctrine of adverse possession is to be taken strictly. It cannot be made out by implication or inference. The presumptions are all in favor of the true owner, and the proof, in order to overcome such presumptions, must be strict, clear and unequivocal. *Horn* v. *Metzger*, 234 Ill. 240; *Town of Kaneville* v. *Meredith*, 351 Ill. 620.

Under the twenty-year Statute of Limitations it is the possession that bars the owner from recovery. No deed is requisite to the inception, the continuance or the completion of the bar, but the possession must be of a definitely defined tract and where there is no deed or color of title the claimant has the added burden of establishing by clear and convincing proof the location of the boundaries to which he claims. Such boundaries must be definitely established at the inception, during continuance and at the completion of the period of adverse possession. The proof must be such as to establish with reasonable certainty the location of the boundaries of the tract to which the five elements of adverse possession are applied and all of the elements must extend to the tract so claimed. While it is not necessary that the land should be enclosed by a fence, the boundaries must be susceptible of specific and definite location. It is elementary that in any case involving a boundary dispute the claim of title by adverse possession must be to a visible or ascertainable boundary line. Usually such lines are marked by monuments of some sort and where the location of a boundary is marked by a monument at the inception or during the continuance of the period of adverse possession, but such monument is lost or destroyed, the location of such boundary or the monument marking the same must be susceptible of definite proof in any action in which the benefits of adverse possession are claimed.

Were such proof not required it would be impossible for the court to define with certainty the boundaries of the tract so claimed.

So far as the evidence discloses the old iron fence constructed about 1903 was the only definitely fixed visible monument marking the line to which plaintiffs claim. It is undisputed that this fence was removed more than thirty years before the filing of this suit and that no visible trace of the exact location of the fence remained after its removal. The plaintiffs therefore had the burden of proving by clear and convincing evidence the exact location of the boundary line to which they claimed. This they have failed to do. The testimony, even of plaintiffs' own witnesses, as to the exact location of the old fence or the boundary to which they and their predecessors in title claimed, is so vague and indefinite as to make it impossible for the court to ascertain the location of the line with reasonable certainty. Leonard J. Schwartz, one of the plaintiffs, testified that he lived across the street from the tract in question from 1907 to 1921 and that he remembers the iron fence. He fixes the location of the fence with reference to the concrete sidewalk which runs along the south side of the Schwartz house and his testimony is that it was "some two or three or four feet south of the concrete sidewalk." He further testified that it stood on the south line of the disputed tract, which is also the north line of defendants' driveway. From the plat made by plaintiffs' own surveyor and admitted in evidence as plaintiffs' exhibit it is apparent that the north line of defendants' driveway is from six to nine feet south of the concrete sidewalk. It is undisputed that the defendants' driveway was not constructed until after 1945 and at least twenty-five years after all visible trace of the fence was gone.

Etta C. Buck, a witness for plaintiffs, testified that she owned the Schwartz property from 1919 to 1921. She could not locate the old fence with reference to the Piper

driveway, but stated it was about three feet south of the concrete sidewalk running along the south side of the Schwartz residence, while the plat shows that the south line of the disputed tract is at least six feet south of the sidewalk at its nearest point.

Venita Baker Peters testified for plaintiffs that she is a niece of Etta C. Buck and frequently visited her aunt when she lived in the Schwartz house. She fixes the location of the fence by an old shed which was moved many years ago and as to the location of which no visible trace remains. Her testimony is that the fence connected to the southwest corner of the old shed and that the old shed was "quite a ways" past the walk to the south.

Wilma Shepard testified for plaintiffs that she is a sister of Leonard Schwartz; that she remembered the iron fence and placed it with reference to the sidewalk. Her testimony was that she could not say exactly but judged it to be four or five feet south of the walk.

On behalf of the defendants, Fred M. Zurkuhlen testified that his father was the common owner of the tracts involved; that he lived with his father in the Schwartz house until it was sold in 1902 and that thereafter his father built the residence on the Piper tract and he lived there for a number of years. He sold the Piper tract to Etta Worden about 1921. After his father sold the Schwartz tract to John Zimmerscheid they had the line between the two tracts surveyed and about 1903 built the iron fence on the line established by the surveyor. He further testified that the old iron fence stood along the sidewalk along the south side of the Schwartz house and "barely nipped" the sidewalk at its closest point and that the new fence constructed by the Pipers is on the same line occupied by the old fence.

The same witnesses also attempted to fix the location of the old fence by reference to the tree located on the disputed tract near the front, but their testimony in that

respect is equally uncertain, vague, indefinite and conflicting. The tract in dispute is city property only three feet wide at the narrow end. Under these circumstances a variation in the location of the line, even if only a foot or two, is of grave importance. It is essential that the line to which adverse possession is claimed be ascertainable and that the evidence should establish its location with reasonable certainty. The evidence as to the exact location of the old iron fence, which admittedly was the only visible monument or marking establishing the line and which was removed more than thirty years ago, is so vague and indefinite that we must hold that the plaintiffs have failed to establish an ascertainable boundary line by any clear and convincing evidence.

We are not unmindful of the rule relied on by plaintiffs that this court will not reverse the chancellor where the testimony is heard in open court and is conflicting unless his finding is clearly against the weight of the evidence. We have carefully examined all of the evidence and we find that plaintiffs have failed to establish an ascertainable line to which they claimed by adverse possession. They claim to the north line of defendants' driveway which by their own plat appears to range from six feet at the nearest point to nine feet at the farthest point south of plaintiffs' sidewalk. Schwartz's testimony concerning the location of the iron fence with reference to the sidewalk is that it was "two or three or four feet" south of the sidewalk. Defendants' witness on the other hand testified that it "nipped" the sidewalk which would place it on the north line of the disputed tract. Under these circumstances such evidence is too vague, indefinite and conflicting to establish an ascertainable boundary.

The decree of the circuit court of Madison County is reversed and the injunction is dissolved.

*Decree reversed.*