(No. 33977.—

HARRY BODNER *et al.,* Appellants, *vs.* THE COUNTY OF MONTGOMERY, Appellee.

*Opinion filed September 25, 1956.*

JOHN T. R. GODLEWSKI, of East St. Louis, for appellants.

OTTO E. FUNK, State's Attorney, of Hillsboro, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This case involves the title to a narrow strip of land in Montgomery County. The strip lies immediately south of a public road. In an earlier proceeding between the present parties, a decree of the circuit court found this road to have existed by prescription, and fixed its location and boundaries. The disputed strip is three-quarters of a mile long from east to west. It is 17½ feet wide at the eastern end and tapers to a width of 21 inches at the western end.

The land to the north of "the decree road" for the entire length of the disputed strip is owned by the plaintiffs. They are the heirs of Mary Bodner, who acquired title August 17, 1929, from the administrator of the estate of

John Arkebauer. The western portion of the land to the south of the road is owned by Walter and Mathilda DeVries. Their land extends for half a mile from west to east. It was acquired from John Arkebauer in 1929 by the DeVrieses' predecessor in title. Immediately east of the DeVries land is the land of Walter and Adele Suhre, which extends one-fourth of a mile to the east. This land has been owned by Mrs. Suhre and her father continuously since 1914.

The boundaries of the three parcels of land are described by quarter section lines. The center line of the section is the boundary between the Bodner land to the north and the DeVries and Suhre land to the south.

The location of the road which was decreed to exist by prescription was fixed with reference to the center of the foundations of a former bridge on the old road and the center of an interlocking culvert under that road. After the decree fixing the location of the road had been entered, the Bodners erected two fences, one of which was along the south boundary of the road. The other was along the center line of the section as located by a surveyor they employed after the decree fixing the location of the road was entered. These fences enclose the disputed strip of land, and prevent access to the road from the land to the south.

Thereafter the DeVrieses and the Suhres each dedicated to the county, for public road purposes, a strip of land 27½ feet wide lying immediately south of the road. This land embraces the disputed strip. When the county, relying on the decree which established the road and upon the DeVries and Suhre dedications, ordered the fences removed, the Bodners instituted this action to enjoin the county from interfering with the fences they had erected. By its counterclaim the county sought to enjoin the plaintiffs from interfering with the use of the property for highway purposes. Many witnesses testified. The court entered a decree dismissing the complaint for want of equity and directing the

plaintiffs to remove the fences. Plaintiffs appeal. A freehold is involved. *Schwartz* v. *Piper*, 4 Ill.2d 488.

The plaintiff's claim is based upon record title and the location of the center line of the section as shown by the survey. The county claims title by the DeVries and Suhre dedications, and relies upon adverse possession to establish title in the dedicators.

No useful purpose would be served by a recital of the testimony of each of the witnesses. As to the Suhre land there can be no doubt that from 1914 on the land was cultivated by the owners to the south up to the old road. And since the location of the road established by the 1954 decree was fixed with reference to the center lines of a bridge and a culvert on the old road, it can not be doubted that adverse possession existed for the requisite period.

As to the DeVries land the situation is much the same. DeVries and his predecessors in title cultivated this land up to the old road except in those places in which a hedge lying to the south of the road prevented them from doing so.

Such minor doubt as may exist with respect to the DeVries land arises from the fact that this land and the land of the plaintiffs was owned by John Arkebauer until 1929, so that the prescriptive period does not run back of August 17, 1929, when the Bodners acquired title. Plaintiffs claim that the running of the prescriptive period was broken in the spring of 1949, when it is said that Stephen Bodner, one of the plaintiffs, plowed up and cultivated land to the south of the old roadway. Bodner's testimony as to this occurrence is not precise. He said that plaintiffs plowed land south of the road, "I think for the first time in 1949." He also testified that plaintiffs started plowing up to the old roadway "about 1950—The reason we didn't farm it prior to that was because we had use for that road." Assuming that plaintiffs did their first plowing south of the road in 1949, it is argued that "To put land into cultivation, the plowing must be done in the Spring," and so

adverse possession by the DeVrieses must have been interrupted shortly before the statutory twenty-year period expired in August of 1949.

In our opinion the testimony of the plaintiff, Stephen Bodner, was too uncertain to indicate that adverse possession stopped short of the statutory period. Certainly the assumption that the plowing to which he testified necessarily took place in the spring of the year is unwarranted, for fall plowing and planting are common. In any case his testimony was controverted, and we can not say that the trial judge erred in resolving the controversy as he did. The record strongly savours of an attempt on the part of the plaintiffs to relitigate the issues which were determined in the earlier proceeding in which the existence and location of the road were determined.

The decree of the circuit court of Montgomery County is affirmed.

*Decree affirmed.*