GEORGE BROSIE, Plaintiff-Appellee, *v.* GEORGE BORROWMAN *et al.*, Defendants-Appellants.

(No. 12841;

Fourth District—July 3, 1975.

A. W. Schimmel, Sr., and Elizabeth Takahashi, both of Pittsfield, for appellants.

Hutchens and Mann, of Winchester, and John W. Alsup, of Mt. Sterling (Richard E. Mann, of counsel), for appellee.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Pike County, rendered in favor of the plaintiff-appellee George Brosie following a bench trial. Plaintiff and defendants-appellants George and Dewey Borrowman owned adjacent lands. The case involves a small parcel, the record title to which was in the defendants. Plaintiff brought suit claiming title by adverse possession allegedly enduring for a period in excess of 20 years. Following a bench trial the trial judge found in favor of the plaintiff and entered judgment that plaintiff had, by adverse possession, acquired title to the following described parcel:

"All that part of Section 29, Township 6, South Range 5, West of the Fourth Principal Meridian in Pike County, Illinois, which lies North of the Sny, West of the Public Road known as "Scott Lane" which crosses said Section 29 in a Northeasterly and Southwesterly direction, South of what is commonly known as "Back Up Slough", and East and South of the remains of a track bed landfill which formerly carried the tracks of the Chicago, Burlington & Quincy Railroad Co. across said Section 29."

The judgment order further provided that the defendant deliver to plaintiff 285 bushels of soybeans harvested from the premises in 1972, and which had been ordered to be stored pending the outcome of the litigation, and also ordered to pay to defendant George Borrowman the sum of $48 which was the cost of harvesting the beans.

■■ Defendants argue that the trial judge's finding that the plaintiff had acquired title by adverse possession is against the manifest weight of the evidence. Their major argument in support of this contention is that the plaintiff could not have acquired title by adverse possession because he had not paid taxes and special assessments for drainage levied against the premises. Payment of taxes by the record title holder or nonpayment of taxes by one seeking to establish title by adverse possession do not resolve the issue where the party claiming title seeks to establish title by proving adverse possession for a period of 20 years. (*Scales v. Mitchell*, 406 Ill. 130, 92 N.E.2d 665, 668.) The elements which must be

proven in order to establish title by adverse possession are stated in *Schwartz v. Piper*, 4 Ill.2d 488, 122 N.E.2d 535. (See also *Clavey v. Bobzien*, 6 Ill.2d 549, 129 N.E.2d 688.) In order to secure a reversal of the trial judge's finding that plaintiff had established the necessary elements, defendants must show that those findings are against the manifest weight of the evidence. *Duncan v. Abell*, 340 Ill. 613, 173 N.E.2d 59; *Melliere v. Kaufmann*, 93 Ill.App.2d 242, 236 N.E.2d 147.

■■ We see no need to recite in detail the testimony of the witnesses called by plaintiff to prove his case. It is clear that he exercised control over the disputed parcel as owner against all others, farmed the land, made substantial and extensive improvements thereon, granted privileges to other people to hunt and fish on the land and removed a temporary fence constructed by defendants. The findings and judgment of the trial court are not against the manifest weight of the evidence.

Defendants also argue that the north boundary of the disputed parcel, Back Up Slough, described in the judgment order, is not a definite boundary. They urge that the order does not indicate whether the boundary is the north shore of the Slough, the midpoint or the south shore. The judgment order states that the land awarded to plaintiff lies south of the Slough, not south of the middle nor south of the north boundary. The aerial photograph clearly delineates the boundaries and outline of the Slough and the survey procured by defendants and introduced as Defendants' Exhibit 5 shows detailed and precise boundaries of the Slough. The boundaries of the parcel awarded to plaintiff are susceptible of specific and definite location with reasonable certainty and, in addition, the north boundary is a visible boundary line; this is sufficient. *Schwartz v. Piper*, 4 Ill.2d 488, 122 N.E.2d 535, 538-539.

■■ Defendants also argue that plaintiff should have been required to reimburse defendants for taxes and other assessments levied against the land during the period of plaintiff's adverse possession thereof. This theory was not presented to the trial court and, therefore, may not be raised for the first time in this court. (*Kravis v. Smith Marine, Inc.*, 60 Ill.2d 141, 324 N.E.2d 417, 420.) Defendants cite only *Slatin's Properties, Inc. v. Hassler*, 132 Ill.App.2d 882, 271 N.E.2d 665, for the proposition. This case, in addition to being clearly distinguishable, was reversed by the supreme court in its opinion appearing in 53 Ill.2d 325, 291 N.E.2d 641.

We have examined the other assignments of error and conclude that there is no merit therein. The judgment is affirmed.

Judgment affirmed.

CRAVEN and GREEN, JJ., concur.