ILLINOIS STATE BANK OF QUINCY, Plaintiff-Appellant, v. DUSTIN C. NEECE et al., Defendants-Appellees.

Fourth District    No. 13616

Opinion filed November 18, 1976.

Wooleyhan, Nielson & Adams, of Quincy (Alfred M. Wooleyhan, of counsel), for appellant.

Lewis, Blickhan, Garrison, Tucker & Longlett, of Quincy (Lawrence W. Blickhan, of counsel), for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, Illinois State Bank of Quincy, commenced this declaratory judgment proceeding in the circuit court of Adams County seeking a declaration that it had the right to demolish a wall standing on its property. The defendants, Dustin Neece and Erma Neece, answered the complaint and denied the plaintiff was entitled to the relief requested. After a bench trial the court ruled in favor of the defendants and the plaintiff has appealed.

The basic facts are uncomplicated and substantially undisputed. However, the inferences to be drawn from such facts are not undisputed. Defendants are the owners of lot 2 upon which has been constructed a three story store-type building. Adjoining this lot on the west is lot 3 owned by the plaintiff which lot was also improved with a three-story store-type building prior to the commencement of this litigation. The lots are located in Quincy, Illinois, but so far as this opinion is concerned a detailed legal description thereof is not required.

In 1974, the plaintiff decided to demolish its building but in the course of its demolition it was discovered the roof joists and supporting timber

of the building on lot 2 intruded into and were supported by the plaintiff's east wall located on lot 3. It was agreed the plaintiff's east wall is located entirely on its property immediately adjacent to the defendants' west wall which likewise is located entirely on the property of the defendants.

Defendants in their answer alleged as an affirmative defense that they had acquired a prescriptive easement of lateral support, or in other words, they had the right to require the continued support of their roof joists and timbers by plaintiff. The trial court held the defendants had acquired such a prescriptive easement and it is the propriety of this determination which is the issue on this appeal.

■■ The burden of proving a prescriptive right is on the party alleging such right. (*Waller v. Hildebrecht*, 295 Ill. 116, 128 N.E. 807; *Mueller v. Keller*, 18 Ill. 2d 334, 164 N.E.2d 28.) Plaintiff does not dispute the theory that a prescriptive easement for support may be acquired. However, it argues in this case the evidence is insufficient to establish the acquisition and existence of such a prescriptive easement. It should be noted there were no party wall agreements affecting the rights of the parties and there are no statutes affecting the rights and obligations of the parties under the circumstances of this case.

The necessary elements of a prescriptive easement are essentially the same as those necessary to acquire title to real property by adverse possession. (*Schwartz v. Piper*, 4 Ill. 2d 488, 122, N.E.2d 535.) To establish an easement by prescription in the property of another the use or easement which is sought to be established must be hostile, adverse, actual, visible, notorious, exclusive, continuous and under claim of right. (*Schwartz v. Piper*, 4 Ill. 2d 488, 122 N.E.2d 535; *Totel v. Bonnefoy*, 123 Ill. 653, 14 N.E. 687.) The claim asserted in the instant case is substantially similar to a claim that the wall located on the plaintiff's property is in essence a party wall. An easement by prescription in the use of the wall will arise only if there has been an open, adverse user for a period of at least 20 years under claim of right. *Wert v. John R. Thompson Co.*, 234 Ill. App. 458.

Plaintiff argues the trial court erred in the application of the foregoing principles because no evidence was offered to show the intrusion of joists and timbers from the defendants' building into plaintiff's wall was done openly, visibly and with knowledge of plaintiff's predecessors in interest. According to plaintiff this conclusion is required because no evidence was presented as to when the intrusion took place and because the intrusion was not visible from either inside or outside plaintiff's building.

Joint exhibit 2 recites that on or about May 17, 1852, the then owners of lot 2 were in the process of constructing a building on said lot. The same exhibit recites that on or about June 29, 1869, the then owners of lot 3 were in the process of erecting a store building on their lot.

As shown by the evidence, in 1974 at the time of the demolition the wall in question on the plaintiff's property extended upward for three floors. This wall ran the length of the lot. The adjacent west wall of the defendants' building extended upward for two stories and one story above this was the roof which was incorporated into plaintiff's wall. The defendants' wall extended about one-third of the length of lot 2. When the wall on lot 3 was built there were three or four window openings which windows opened or faced lot 2. At some point in time these windows were closed by bricks which were laid from lot 2. Expert opinion indicated the wall on lot 3 was constructed in one operation but that the wall and building on lot 2 was constructed in different stages. One of the defendants testified he had been personally acquainted with the building on lot 2 since 1945 and that the construction of the roof and joists and the resulting intrusion into plaintiff's wall had occurred a long time prior to that date.

■■ We agree with the trial court that it may be inferred the owner of property, in this case the plaintiff, is aware of or at least chargeable with the knowledge of the circumstances affecting the owner's property. In *Wert v. John R. Thompson Co.*, 234 Ill. App. 458, involving a party wall, the court emphasized it was the actual usage which determined the nature and extent of an easement by prescription and also indicated these considerations were the same whether the easement was by prescription or by grant where the details of such grant were unknown. While it is true in the instant case that the circumstances surrounding the initial intrusion are unknown, we do not agree with the plaintiff's theory the intrusion was deliberately secreted or intentionally concealed from the plaintiff's predecessors in title. Accordingly, we believe the facts support the trial court's conclusion an easement by prescription exists.

For the foregoing reasons the judgment of the circuit court of Adams County is affirmed.

Judgment affirmed.

ALLOY, P. J., and BARRY, J., concur.