REATHA NOAKES *et al.*, Plaintiffs and Counterdefendants-Appellants, v. MARY SLOVER, Adm'r of the Estate of Hance Wright, Defendant and Counterplaintiff-Appellee.

Fifth District   No. 5—85—0804

Opinion filed November 14, 1986.

Thomas H. Boswell, of Mitchell, Brandon & Schmidt, of Carbondale, for appellants.

J. Mark Macklin, of DuQuoin, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Plaintiffs-counterdefendants, Reatha Noakes and Myra Born (appellants), commenced this action by petitioning for a court-ordered survey of a disputed boundary between two tracts used as residences and owned by the respective parties. After the survey, defendant-counterplaintiff, Mary Slover (appellee), as administrator of the estate of Hance Wright, counterclaimed, claiming title to the disputed strip of land under the doctrine of adverse possession. After a bench trial, the circuit court of Perry County found for appellee on her adverse possession claim and judged the boundary of the land adversely possessed to be 4.6 feet to appellants' side (north) of the recorded boundary between the lands. There is no cross-appeal.

The facts are essentially undisputed. The boundary in question was surveyed in 1949. The parties agree this survey (the Carter survey) was erroneous. It resulted in the boundary being marked 6.32 feet north of its record position. Soon afterward appellee's predecessors built a fence roughly parallel to and south of the Carter survey line. The survey ordered by the Perry County court in this case indicated the fence posts were between 4.6 and 5.2 feet north of the record boundary. Appellee's predecessors parked junk cars on the disputed strip and gardened and kept a coal pile there, and the city of DuQuoin placed appellee's predecessors' water meter in the disputed strip.

■■ The trial court found the boundary of the property to which the appellee was entitled by adverse possession was established by the fence. Appellants raise several objections to the use of that fence

as the boundary. The decision of the trial court that the fence formed a sufficiently ascertainable boundary should not be reversed unless manifestly against the weight of the evidence. See *Schwartz v. Piper* (1955), 4 Ill. 2d 488, 496, 122 N.E.2d 535, 540.

▮ First, appellants contend the 30-foot-long fence was not a sufficiently certain mark of the 130-foot boundary because the fence never extended the length of the disputed boundary. Where an adverse possessor claims to a mistaken or disputed boundary, he bears the burden of establishing by clear and convincing proof the location of the boundary. The proof must establish the location of the boundary with "reasonable" certainty. (*Joiner v. Janssen* (1981), 85 Ill. 2d 74, 83, 421 N.E.2d 170, 175.) It is not necessary that the lands be enclosed by a fence. (*Schwartz v. Piper* (1955), 4 Ill. 2d 488, 493, 122 N.E.2d 535, 538.) A monument placed by parties is evidence of where a boundary runs. (See *Texas Co. v. Hawthorne* (1939), 371 Ill. 468, 474, 21 N.E.2d 565, 568.) In *Joiner v. Janssen* (1981), 85 Ill. 2d 74, 421 N.E.2d 170, a tree and bush line was deemed a sufficiently ascertainable boundary marker for adverse possession purposes. In *Bakutis v. Schramm* (1983), 114 Ill. App. 3d 237, 448 N.E.2d 982, the location of a boundary fence was deemed sufficiently established for adverse possession purposes by one concrete marker and one hedge post, though the fence no longer existed. In contrast, in *Schwartz v. Piper* (1955), 4 Ill. 2d 488, 122 N.E.2d 535, the old fence was removed in 1917, and as of the 1952 dispute the testimony as to the previous location of the old fence varied by several feet. That the instant fence did not span the entire boundary was merely one fact to consider in deciding its value as a boundary location marker.

▮ Appellants argue the fence did not follow a straight line but varied from the record boundary in distance from 4.6 to 5.2 feet. This difference is about 7 inches. The judge apparently thought this was *de minimus* over a span of 30 feet. We do not find that conclusion unreasonable or unfair. Photographs of the disputed strip included in the record show the fence was reasonably straight.

While the 7-inch variation did not affect the certainty that a line was established, it did raise a doubt as to the correct positioning of the line. The trial court resolved this doubt appropriately by giving full benefit of the doubt to the parties opposing the adverse possession, the court marking the line at the fence post closest to the record boundary.

Appellants urge the fence was "reinforced" with new posts within the last few years and that the parties could not state which posts were new. The trial court dealt with this consideration by

adopting the line 4.6 feet from the record boundary as marked by the southernmost fence post. If we assume one or more new posts was placed north of the 4.6-foot post, appellants were not harmed because the trial court ignored these new posts in locating the adverse possession boundary. On the other hand, if we assume the 4.6-foot post was one of the new posts, appellants were not harmed because that new post reduced the size of the area appellee was found to have occupied.

The other matters raised by appellants are less significant. That the parties did not mow their lawns to any precise boundary is not unusual or (on these facts) significant. Ben Wright's statement that the line was 6 feet north of the court-ordered survey line appears intended as an estimate rather than a surveyor's conclusion. While appellee's predecessors relied on the Carter survey line in constructing the fence, the trial court's determination that appellee's predecessors occupied only as far north as the fence does not appear erroneous. None of these matters, alone or together, require the conclusion that the location of the adverse possession boundary was not reasonably certain.

■ On the whole we find the instant evidence placing the adverse possession boundary 4.6 feet north of the record boundary compared favorably with the boundary evidence rejected by our supreme court in *Schwartz v. Piper* (1955), 4 Ill. 2d 488, 122 N.E.2d 535, and the evidence that court accepted in *Joiner v. Janssen* (1981), 85 Ill. 2d 74, 421 N.E.2d 170. On this record we cannot conclude the trial court erred in finding that the boundary was established with reasonable certainty.

For the foregoing reasons, the judgment of the circuit court of Perry County is affirmed.

Affirmed.

KASSERMAN, P.J., and KARNS, J., concur.