JACOB C. HERMES *et al.*, Plaintiffs and Counterdefendants-Appellees, v. JOHN E. FISCHER, Defendant and Counterplaintiff-Appellant (Unknown Owners, Defendants).

Fourth District   No. 4—91—0692

Opinion filed March 19, 1992.

Samuel C. Patton, of Springfield (Craig Dow Patton, of counsel), for appellant.

Sheehan & Sheehan, P.C., of Springfield, for appellees.

JUSTICE COOK delivered the opinion of the court:

In November 1986, plaintiffs Jacob Hermes, Patrick Hermes, George Hermes, Mary Morlee, Anna Morlee, Catherine Canfield, and Barbara Tank filed a complaint and application for prelimi-

nary injunctions against defendants asserting counts for quiet title, ejectment, and trespass. Defendant John Fischer (Fischer) filed an amended counterclaim for interference with the use and ownership of property. On August 20, 1991, the circuit court of Sangamon County granted a motion for summary judgment in favor of plaintiffs, finding them to be the owners by adverse possession of the Sangamon County real estate and barring defendants' claim to any right or title in the subject real estate. The court dismissed Fischer's amended counterclaim with prejudice.

Defendant Fischer appeals, contending the trial court erred in granting summary judgment due to the existence of questions of material fact, and the absence of unequivocal proof of the elements necessary to defeat his title as record owner of the disputed property. We affirm.

The real estate in issue is a triangular tract of approximately 1.836 acres, as shown in the diagram appended, originally owned by the Springfield Railroad Company and conveyed to G.W. and Ella Lewis in 1946 (tract B). The property forms a right-angle triangle: the northern leg of the right angle runs 413 feet from west to east (from point (1) to (2)), the western leg of the right angle runs 386 feet from north to south (from point (1) to (3)), and the eastern leg forms the hypotenuse and runs northeasterly for 559 feet along the right-of-way of highway Route 54 (from point (3) to (2)). The western boundary of tract B (from point (1) to (3)) adjoins a tract owned by plaintiffs (tract A).

The record indicates that from at least 1958 to 1962, G.W. Lewis and Ella Lewis held title to both tracts A and B and farmed them as a single unit on a crop-share basis with a tenant. In 1962, tract A was conveyed to Adlai Rust and wife, who continued to farm both tracts as a single unit through the 1964 harvest. In January 1965, Adlai Rust and Carl Hermes signed a contract for sale of the property. Prior to closing, the real estate broker for Adlai Rust took Carl Hermes upon the property to inspect and measure. Both believed the boundaries of tract A included the triangle formed by tract B. Title to tract A was conveyed to Carl Hermes in February 1965. Carl Hermes and his sons continued the farming of both parcels each season until 1983 as a single unit and crop rows were continuous over both tracts. On June 8, 1983, Carl Hermes deeded tract A to his seven children, plaintiffs herein, who farmed and cultivated both tracts A and B as a single tract from June 1983 until November 1, 1986, when defendant placed a mobile home on tract B. In May 1983,

prior to conveyance, Carl Hermes had an appraisal made of the property he believed he was conveying by gift to his children, for purposes of ascertaining market value. The appraisal included maps showing tracts A and B to be a single tract of farmland. The appraisal was reviewed by plaintiffs and Carl Hermes.

Tract B was first assessed for real estate taxes in 1984 and an assessment notice was mailed to G.W. Lewis, in care of a local relative. G.W. Lewis was then deceased. On his death the property had passed to his wife, Ella, and on her death it had passed to their son, G.H. Lewis, although the property was not inventoried in either estate. In June 1985, a tax bill for 1984 taxes was forwarded to G.H. Lewis, who then resided in Florida. G.H. Lewis believed the land had previously been deeded to his stepbrother Grady. On June 24, 1986, plaintiffs recorded a notice and affidavit of adverse possession as to tract B. On that same date, G.H. Lewis conveyed tract B to defendant Fischer, but the deed was not recorded until September 24, 1986. The taxes for 1985 were forfeited and not redeemed until 1986 by defendant Fischer. In the fall of 1986, defendant had tract B surveyed, erected a fence, and placed a mobile home on it.

Plaintiffs filed a complaint to quiet title to tract B pursuant to the 20-year statute, section 13—101 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 13—101). It is not disputed that defendant is the record titleholder of tract B.

Based on the pleadings, admissions, and affidavits on file, summary judgment was entered in favor of plaintiffs on August 20, 1991, the trial court finding:

"3. Plaintiffs and Plaintiffs' predecessors in title, beginning in 1962, claiming it as their own, entered into and upon and commenced farming the subject real estate, annually plowing, planting, cultivating and harvesting crops from the subject real estate, all openly and visibly, continuously and without interruption, complaint or objection from Defendant or his predecessor in title until November 1, 1986, a period in excess of 20 years.

4. The only conclusion, free from doubt and without contradiction, which can be drawn is that the Plaintiffs and their predecessors claimed and exercised without objection all facets of ownership of the subject real estate openly, visibly, continuously and without interruption during the entire said period exceeding 20 years.

5. There is no genuine issue as to any material fact, and the Plaintiffs and Counter-Defendants are entitled to judgment as a matter of law."

Summary judgment should be granted when the pleadings, depositions, admissions, and affidavits show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871; Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).) "If a party moving for summary judgment supplies facts which, if not contradicted, would entitle such party to a judgment as a matter of law, the opposing party cannot rely on his pleadings alone to raise issues of material fact." (*Purtill*, 111 Ill. 2d at 240-41, 489 N.E.2d at 871.) On review of an order granting summary judgment, the appellate court should consider anew the facts and law related to the case and determine whether the trial court is correct. *Shull v. Harristown Township* (1992), 223 Ill. App. 3d 819, 824.

■■ Here, the underlying facts are essentially uncontradicted by the counteraffidavits defendant has submitted. The party claiming a bar to the assertion of legal title by the record owner must show five elements of possession for the duration of the 20-year statutory period. Possession must be (1) continuous, (2) hostile or adverse, (3) actual, (4) open, notorious, and exclusive, and (5) under claim of title inconsistent with that of the true owner. (*Joiner v. Janssen* (1981), 85 Ill. 2d 74, 81, 421 N.E.2d 170, 174.) There is a presumption in favor of the true owner, and the proof required to overcome the presumption must be strict, clear, and unequivocal. *Joiner*, 85 Ill. 2d at 81, 421 N.E.2d at 174; *Wiedrich v. Howard* (1956), 7 Ill. 2d 589, 593, 131 N.E.2d 508, 510.

Defendant asserts that since plaintiffs and their predecessors in title mistakenly believed they held title to tract B, and the various conveyances failed to include the legal description of tract B, questions of fact exist as to whether possession was hostile. Defendant cites no authority for this view, nor could he.

■■ Our supreme court in *Joiner* noted that neither a possessor's mistaken belief that he is in fact the true owner, nor the absence of a description of the disputed property in the deed of conveyance destroys the requisite element of hostility of possession. (*Joiner*, 85 Ill. 2d at 82-83, 421 N.E.2d at 174-75.) "The 'hostile' nature of the possession does not imply actual ill will, but only the assertion of ownership incompatible with that of the true owner and all others." (*Joiner*, 85 Ill. 2d at 81, 421 N.E.2d at 174.) The

controlling factor in determining whether possession to a mistaken boundary is hostile is the exercise of acts of ownership incompatible with that of the record owner, through the use and control of disputed property to demonstrable parameters. See *Joiner*, 85 Ill. 2d at 82-83, 421 N.E.2d at 174-75.

It is undisputed that plaintiffs and their predecessors in title used and controlled tract B by cultivating, planting, and harvesting crops for each of the growing seasons from 1962 through 1986. However, in order to establish the extent of the land possessed under a claim of ownership, a claimant must demonstrate by clear and convincing proof the visible and ascertainable boundaries to which he claims at the inception, throughout continuance, and at completion of the period of adverse possession. (*Schwartz v. Piper* (1954), 4 Ill. 2d 488, 493, 122 N.E.2d 535, 538.) Defendant claims there is a question of fact presented whether plaintiffs have supplied convincing proof of the ascertainable boundaries of tract B during the entire period for which they claim possession.

■ The existence of visible or ascertainable boundaries is shown by the uncontradicted affidavits submitted by plaintiff Jacob Hermes, by the real estate broker who arranged the sale of tract A to plaintiffs' grantor, by the surveyor of tract B hired by defendant Fischer, and by residents of the county having daily familiarity with both tracts A and B for more than 30 years. All acknowledge that two of the boundaries to the triangular-shaped tract B were at all times visible and ascertainable: the northern leg (forming one leg of the right-angle triangle, running from point (1) to (2)), and the eastern leg (forming the hypotenuse of the triangle, running from point (2) to (3)). The north line was ascertainable by sighting from a stone marker in the west one-quarter corner of section 15 to a stone in the center of section 15 (from point (C) to (D)). Additionally, a clearly visible crop line, which had been in existence since at least 1962, separated tract B from the Gaudlitz land adjoining it on the north. The eastern line of the property is bounded by the right-of-way for highway Route 54. The west line of the triangle (forming a right angle with the north line, running from point (1) to (3)) lacks delineation but is contiguous to tract A. In mistaken-boundary cases like this one, there generally will be no evidence of a visible boundary between land to which the possessor holds record title, here tract A, and contiguous land to which a claim of ownership is asserted, here tract B. (See *Joiner*, 85 Ill. 2d at 82-83, 421 N.E.2d at 174-75; *Applebey v. Lenschow* (1986), 144 Ill. App. 3d 208, 211-13, 494

N.E.2d 529, 532-33.) The boundaries to be proved are those limiting the extent of land possessed under a claim of ownership; location of the boundary dividing property held by legal title from adjacent property claimed by adverse possession need not be proved.

We conclude the affidavits and other documents of record establish with reasonable certainty the location of the boundaries of the tract to which the five elements of adverse possession must attach for the duration of the 20-year statutory period pursuant to section 13—101 of the Code. See *Bakutis v. Schramm* (1983), 114 Ill. App. 3d 237, 240-41, 448 N.E.2d 982, 985; *Joiner*, 85 Ill. 2d at 83, 421 N.E.2d at 175.

Defendant cites *Baumann v. Lawndale National Bank* (1977), 45 Ill. App. 3d 328, 359 N.E.2d 1086, for the rule that adverse claimants cannot add their time in possession to the time of their predecessors without some proof the disputed land was intended to be transferred to them. Defendant asserts that since the deed to tract A does not contain a description of tract B, a question of fact is present as to whether plaintiffs' predecessors in title intended to transfer tract B.

■ Possession by successive possessors can be "tacked," to establish continuous possession in excess of the 20-year statutory period. (*Rich v. Naffziger* (1912), 255 Ill. 98, 103, 99 N.E. 341, 342; *Applebey*, 144 Ill. App. 3d at 214, 494 N.E.2d at 534.) However, conveyance by deed of a tract of land adjoining disputed land will not alone establish continuity of possession; privity of possession of land not described in the deed requires a delivery of possession between successive occupants. *Duck Island Hunting & Fishing Club v. Whitnah* (1922), 306 Ill. 284, 290-91, 137 N.E. 840, 842-43.

■ Possession of tract A was conveyed by deed to Carl Hermes from Adlai Rust in February 1965. The description of tract B was not included in the deed. Prior to purchase, however, the real estate broker for the Rusts took Carl Hermes upon the land and assisted in an inspection and measurement. The measurement and walking inspection of the perimeter included tract B, which both believed was included in the description in the deed to tract A. Carl Hermes continued to farm both tracts as a single unit, and in 1983 deeded tract A to plaintiffs. Prior to that conveyance, Carl Hermes had obtained an appraisal of the land he believed was encompassed within the description of tract A, and had reviewed the appraisal with plaintiffs. The record is unequivocal and uncontradicted that both Adlai Rust and Carl Hermes, plaintiffs' predeces-

sors in possession, had intended, and in fact delivered, possession of tract B contemporaneous with conveyance by deed of tract A. In each instance, successor occupants resumed farming both tracts as a single unit. " '[C]ontinuity and connection [of possession] may be effected by any conveyance, agreement or understanding which has for its object a transfer of the rights of the possessor or of his possession, and is accompanied by a transfer of possession in fact.' " *Rich*, 255 Ill. at 105, 99 N.E. at 343, quoting *Smith v. Chapin* (1863), 31 Conn. 530, 531-32.

Although defendant does not raise a specific argument as to the required element of actual possession, we note that evidence of record establishes that both tracts A and B were continuously cultivated for the raising of crops since at least 1962 and until November 1986; such is an activity sufficient to establish actual possession. (*Applebey*, 144 Ill. App. 3d at 214, 494 N.E.2d at 534.) Similarly, the elements of open, notorious, and exclusive possession under a claim of ownership have been proved by such acts of dominion as continuous cultivation and retention of crop proceeds so as to demonstrate to the immediate neighborhood that plaintiffs alone have the management and control of the subject property, in excess of the statutory duration, to the exclusion of rights of the record owner. See *Joiner*, 85 Ill. 2d at 82, 421 N.E.2d at 174.

Plaintiffs have proved themselves the legal owners of all of tract B by adverse possession well in excess of the statutory 20-year period. There is no genuine issue of material fact as to proof of the requisite elements of adverse possession. Accordingly, the order granting summary judgment in favor of plaintiffs and adjudicating plaintiffs the fee simple owners of the subject real estate is affirmed.

Affirmed.

STEIGMANN and KNECHT, JJ., concur.

APPENDIX