THOMAS DAILY, Appellant, *vs.* PETER BOUDREAU, SR., Appellee.

*Opinion filed December 17, 1907.*

1. INSTRUCTIONS—*effect of withdrawing instruction after jury has had it.* The oral withdrawal of an instruction which has been given to the jury and been considered by them in the jury room has the effect of instructing the jury that the instruction does not state the law. (*Chicago and Eastern Illinois Railroad Co.* v. *Zapp,* 209 Ill. 339, distinguished.)

2. SAME—*Practice act prohibits oral instructions.* Orally withdrawing all instructions from the jury and orally directing them to find the defendant not guilty is a violation of section 73 of the

Practice act of 1907, (Laws of 1907, p. 458,) but the error in so doing is not ground for reversal if the verdict and judgment were clearly right and the plaintiff could not succeed upon another trial.

3. BOUNDARIES—*the fact that parties supposed fence was true boundary does not affect question of adverse possession.* One who, for over twenty years, occupies land up to the fence between it and the adjoining land, claiming ownership to such fence, may interpose the defense of the Statute of Limitations to an action of trespass *quare clausum fregit,* notwithstanding he had always supposed, prior to plaintiff's survey, that the fence was the true boundary and never intended to claim more land than was included in his deed.

APPEAL from the Circuit Court of Kankakee county; the Hon. A. O. MARSHALL, Judge, presiding.

BERT L. COOPER, and SMALL & BROCK, for appellant.

A. L. GRANGER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant brought this action of trespass *quare clausum fregit* in the circuit court of Kankakee county against appellee, alleging a trespass to the east one-half of the southwest quarter of section 29, town 30, range 12, in said county. The pleas of defendant were the general issue and *liberum tenementum.* The plaintiff added the *similiter* to the general issue and traversed the plea that the close was the property of defendant. The case was tried before a jury and the court gave instructions asked by each of the parties. The next day after the retirement of the jury they were brought into the court room and asked if they were able to agree. They informed the court of their inability to agree, and the court then took from the jury an instruction which had been given at the request of the plaintiff, which, as the record recites, appeared by the court to be leading the jury to confusion. The instruction was marked "withdrawn and refused." The jury again retired and were afterward called

into the court room a second time, when they informed the court that they were unable to agree. The court then orally withdrew all the remaining instructions from the jury and instructed them orally to find the defendant not guilty. The jury returned a verdict accordingly, and the court, after overruling a motion for a new trial, entered judgment against the plaintiff for costs. From that judgment this appeal was taken.

The principal ground upon which a reversal is asked is the action of the court in orally withdrawing the instruction which had been given to the jury at the request of the plaintiff, and afterward in like manner withdrawing all the instructions and orally instructing the jury to find defendant not guilty. It is claimed that such action was a violation of the provisions of sections 73 and 74 of an act in relation to practice and procedure in courts of record, in force July 1, 1907. (Laws of 1907, p. 443.) Those sections provide that no judge shall instruct the petit jury in any case, civil or criminal, unless such instructions are reduced to writing, and that he shall in no case, after instructions are given, qualify, modify or in any manner explain the same to the jury otherwise than in writing. The oral instruction to find the defendant not guilty was a violation of section 73. It was an instruction that the evidence adduced by the plaintiff did not tend to establish the cause of action and was not sufficient, in law, to sustain a judgment in his favor. The instruction given at the request of the plaintiff had been in the possession of the jury and considered by them since the previous day, and the oral withdrawal of it had the effect of instructing the jury that it did not state the law. In a case where the court, while reading a series of instructions, discovered that one of them was erroneous and withdrew it and marked it refused it was held not prejudicial error, since the right of appellant to have the refusal reviewed was preserved. (*Chicago and Eastern Illinois Railroad Co.* v. *Zapp,* 209 Ill. 339.) The question in this case is not the same,

since the jury had been advised that this instruction was the law and had considered it as such with the other instructions. The action of the court was not in accordance with the statute, and it does not appear that the plaintiff or his counsel was either present with an opportunity to preserve the plaintiff's rights or that they or either of them consented. The judgment, however, should not be reversed and a new trial awarded if the verdict and judgment were clearly right and the plaintiff could not succeed upon another trial.

The dispute in the case was over the boundary line between two farms. The plaintiff had record title to the land upon which he alleged the trespass was committed and the defendant had title to the adjoining land on the east. The defendant acquired title to his land on the east side of the center line of the south one-half of section 29 by deed dated December 12, 1882, and he took possession March 1, 1883. At that time there was a division fence between the two tracts which had been there ten years or more and was supposed to be on the line. The north part of the fence was a hedge and the south was made of wire. Defendant occupied up to the line of the fence, claiming ownership to such line, from the time he took possession up to the commencement of this suit,—a period of more than twenty years. Before beginning the suit plaintiff employed a surveyor, whose survey showed that the fence was eighteen feet west of the true line at the north end and about thirteen feet west at the south end. There was no dispute as to possession and claim of ownership by the defendant, but the plaintiff claimed that the possession was not adverse because the defendant supposed the fence was on the true line. Defendant testified that he did not know the fence was not on the line until the survey, and that he had never intended to claim any more land than was included in his deed. The instruction which was withdrawn when the jury were first called back declared the law to be as claimed by the plaintiff, and advised the jury that if the defendant intended to claim only to the true line,

then his holding was not adverse and twenty years of such holding would not give him title to the land. That instruction was wrong. (*Hubbard* v. *Stearns,* 86 Ill. 35; *Grim* v. *Murphy,* 110 id. 271.) It was immaterial whether defendant supposed the fence was on the true line or not, and if the manner in which the instruction was withdrawn was a violation of the statute no actual harm was done. It was not necessary that the defendant should have intended to take possession of and hold land that did not belong to him, but if he occupied the land up to the fence for twenty years claiming to own it, the Statute of Limitations was an effectual bar to plaintiff's action. The facts were not in dispute, and inasmuch as there could be no recovery by the plaintiff, any error of the court in relation to oral instructions would not justify a reversal of the judgment.

The judgment is affirmed.

*Judgment affirmed.*