THIRD DISTRICT—OCTOBER, 1909. 45

Moffett v. C., C., C. & St. L. Railway Company, 151 Ill. App. 45.

M. B. Moffett, Administrator, Plaintiff in Error, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company et al., Defendants in Error.

INSTRUCTIONS—*when erroneous will not reverse.* Notwithstanding instructions may be subject to just criticism the judgment will not be reversed and a new trial awarded if the verdict is clearly right.

Action in case for death caused by alleged wrongful act. Error to the Circuit Court of Edgar county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed October 25, 1909.

F. W. DUNDAS and H. S. TANNER, for plaintiff in error.

GEORGE B. GILLESPIE, for defendants in error; L. J. HACKNEY, HAMLIN, GILLESPIE & FITZGERALD and FRANK T. O'HAIR, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This was a suit by M. B. Moffett, administrator of the estate of Silas Moffett, deceased, against the Cleveland, Cincinnati, Chicago and St. Louis Ry. Co. and The Cairo, Vincennes and Chicago Ry. Co., to recover damages for wrongfully causing the death of plaintiff's intestate at a public crossing in the village of Kansas. Four grounds of recovery are alleged in the declaration: First, that the defendants approached the crossing in question at a dangerous rate of speed at a time when a view of such crossing was wholly obstructed; second, that the defendants were running their train at a greater rate of speed than ten miles an hour, in violation of the village ordinance; third, that the defendants were negligent in failing to give proper warning signals of the approach of said train; and fourth, that the defendants negligently failed to

maintain at such crossing a watchman or flagman, to warn persons attempting to cross of the danger incident thereto. Upon the trial by jury there was a verdict in favor of the defendants and judgment against plaintiff for costs, to reverse which judgment the plaintiff prosecutes this writ of error.

The only ground relied upon for a reversal of the judgment is the alleged erroneous action of the trial court in giving certain instructions offered on behalf of the defendants.

The uncontroverted evidence bearing upon the question of the exercise by the deceased of due care for his own safety, discloses that, about 11:15 o'clock in the forenoon of June 1, 1906, the deceased was driving south on Front street toward the railroad crossing, and stopped at a point about sixty feet north of the crossing to permit a freight train which was then moving east upon a switch-track to clear such crossing; that while the deceased was still waiting or immediately after the freight train had cleared the crossing, and he had started to drive south, he was told by the witness Boyer not to undertake it, that he couldn't make it, because he (the witness) could hear a train coming which he could not see, and the deceased replied, "I believe I can" and proceeded toward the crossing; that as the deceased drove on the north switch track a brakeman at the switch target waved his hand and shouted to the deceased to stop, but the deceased gave no heed to the warning and drove upon the main track where he was struck by a passenger train coming from the east, and killed. This evidence conclusively establishes the contributory negligence of the deceased and precludes a recovery in the case. While some of the instructions given at the instance of the defendants are inaccurate and erroneous, and would require a reversal of the judgment if the evidence bearing upon the issue of due care by plaintiff's intestate was conflicting, the giving of such instructions cannot have harmed the plaintiff, because any

verdict which the jury might have returned against the defendants would be set aside by this court as not being supported by the evidence, and any judgment rendered on such verdict would be reversed with a finding of fact that the deceased was guilty of negligence which contributed to his death.  It would serve no useful purpose to review in detail the several instructions upon which error is properly assigned.  What was said in Daily v. Boudreau, 231 Ill. 228, may be appropriately quoted as applicable here:  "The judgment, however, should not be reversed and a new trial awarded if the verdict and judgment were clearly right and the plaintiff could not succeed upon another trial."

It follows that the judgment of the Circuit Court must be affirmed.

*Affirmed.*