(No. 36163.—

ALFONSO CANNELLA, Appellant, *vs.* DOROTHY ELIZABETH DORAN, Appellee.

*Opinion filed March 29, 1961.*

Berry & Simmons, of Rockford, for appellant.

Downey, Layng, & Anderson, of Rockford, Walter L. Clements, of South Bend, Indiana, and Walter C. Clements, of Louisville, Kentucky, for appellee.

Mr. Justice Solfisburg delivered the opinion of the court:

A complaint in equity to quiet title to a tract of land approximately 30 x 34 ft. sq. lying adjacent to the plaintiff's and defendant's homes was filed July 1, 1958. Plain-

tiff, Alfonso Cannella, claimed title by virtue of twenty years adverse possession. The answer and counterclaim of defendant, Dorothy Elizabeth Doran, also alleged twenty years adverse possession and claimed record title. The circuit court of Winnebago County found against the plaintiff on his complaint and for the defendant on count I of her counterclaim, confirming title in the defendant. Count II of the counterclaim, which was an action for damages, was dismissed. From this decree, the plaintiff appealed directly to this court, a freehold being involved.

Plaintiff contends that he proved his case of adverse possession of the property in question by a clear preponderance of the evidence, and that the trial court's judgment for the defendant was clearly and palpably against the manifest weight of the evidence.

The property of the plaintiff and defendant lie side by side facing North Winnebago Street, in the city of Rockford. Legal title to these properties is not in dispute. The defendant's property is to the north and the plaintiff's property is to the south. Situated to the rear or west of the defendant's house is a tract of land approximately 30 ft. north and south and 34 ft. east and west. This is the tract of land in dispute. All three tracts were owned by the defendant's grandfather, Tobias Burns, and he, in 1905 or 1906 built several houses. He gave the house situated on the defendant's tract to the defendant's mother, Elizabeth Doran, by deed. He gave the house now owned by the plaintiff to another daughter, the defendant's aunt, Mary Doran. The tract in dispute which was never built on, he gave to his son, Robert Burns, together with other property which is not involved. At the time Tobias Burns built the house now owned by the defendant, and gave it to her mother, he built the back porch thereof so that it encroached several feet onto the lot which he deeded to Robert Burns. In 1908, Robert Burns deeded the vacant lot involved herein to Mary Doran. Both Elizabeth Doran and Mary Doran

apparently wanted a portion of this lot, but Elizabeth Doran didn't have the money to pay for it and Mary Doran took title in her name. There is no record of any deed from Mary Doran to Elizabeth Doran to that portion of the vacant lot lying behind Elizabeth Doran's home. All the Dorans, except Elizabeth, sold their properties and moved away. Elizabeth Doran lived in her house until 1947, when she moved. Thereafter, upon learning that there had been no deed to the tract in question since 1908, the defendant obtained a quit-claim deed from the heirs of Mary Doran, December 19, 1956, thus establishing record title in herself.

The testimony as to the use of the tract in question begins in 1933 when James Doolin died owning the plaintiff's house. Alfonso Cannella bought said property from the Doolin estate November 1941, but secured no deed to the tract in question. Taxes on the tract in question were paid by the Doolin estate to 1941, and thereafter by plaintiff until the defendant obtained the quit-claim deed in 1956. Taxes subsequent to that date have been paid by the defendant.

The testimony as to the use of the tract in dispute is voluminous and all the detailed uses of the tract over the years involved would be very difficult to set out in this opinion. Seven witnesses testified for the plaintiff and seven witnesses testified for the defendant. There are at least fifteen exhibits.

We observe that the complaint is not founded on section 6 of the Limitations Act, (Ill. Rev. Stat. 1959, chap. 83, par. 6,) which requires color of title together with the payment of taxes for seven years, in order to establish title. Therefore, plaintiff must prove adverse possession from 1938 until July 1, 1958, the date he filed suit.

Adverse possession to bar the assertion of a legal title by the owner must include five elements: it must be (1) hostile or adverse, (2) actual, (3) visible, notorious and exclusive, (4) continuous, and (5) under claim of owner-

ship. (*Cagle* v. *Valter*, 20 Ill.2d 589; *Schwartz* v. *Piper*, 4 Ill.2d 488.) In the instant case, it is to be remembered that both plaintiff and defendant allege adverse possession of the disputed tract, and, in addition, defendant alleges legal title since 1956. It is clear that both cannot be in the actual, exclusive, and hostile possession of the same premises at the same time. (*Chicago and Northwestern Railway Co.* v. *Kennedy*, 344 Ill. 309, 318). It is clear also that the plaintiff has the burden of establishing by clear and unequivocal proof the location of the boundaries he claims. Such boundaries must be definitely established at the inception, during the continuance, and at the completion of the period of adverse possession. *Schwartz* v. *Piper*, 4 Ill.2d 488.

The trial court found that the plaintiff had failed to prove the allegations of the bill, but even if the trial court determined that the plaintiff had proved the five elements (hereinbefore enumerated) necessary to establish adverse possession, he would also need to have sufficient evidence before him to determine the boundaries to which these elements apply. As to the tract in dispute, plaintiff is unable to prove an easterly boundary before 1955. By his complaint, he claimed title to all the disputed tract. He now asks this court to reverse the judgment of the trial court and enter judgment for the plaintiff for all of the tract in question lying west of the fence built by plaintiff in 1955. This we cannot do.

In *Chicago and Northwestern Railway Co.* v. *Kennedy*, 344 Ill. 309, a case factually similar to the instant case in many ways, the trial court found that the *Chicago and Northwestern Railway Co.* had twenty years adverse possession of the south seven feet of the strip in question, and that Kennedy had twenty years adverse possession of the north five feet of the strip in question. Kennedy appealed. This court held that the most that could have been awarded appellee would have been ground actually occupied by it

which was not described with sufficient precision to make it identifiable. For this reason and others, the decree was reversed and the cause remanded, with directions to enter a decree awarding appellant the entire disputed strip.

This does not mean that all who claim by adverse possession must fence the disputed tract for twenty years. Fence or no fence, there simply was not enough evidence for the trial court to fix an easterly boundary of the land adversely claimed for the required twenty years. Plaintiff by his own testimony, states that the easterly fence is not on the property line that he asked for in his complaint and admits that tenants of defendant have been in possession of that part of the disputed tract east of the fence since he built it in 1955 or 1956. Further, it is undisputed that the back steps of defendant's house are on the disputed tract, have been there, and used by the defendant or her tenants for many years. Thus, it is apparent that plaintiff failed to prove any of the five elements necessary to establish adverse possession of that portion of the property upon which the back steps of defendant's house were located and the portion lying east of the easterly fence, in the disputed tract.

Plaintiff stresses the testimony of Flora Carter (a tenant of the James Doolin estate) that in 1938, Elizabeth Doran told her that the disputed property belonged to the plaintiff's residence. This is said to be of importance on the question of both the intention of adverse possession and of an interruption thereof. However, the record discloses that the property referred to in that conversation was merely described as "back of the garage" and that Flora Carter further testified that then was the first time "I had known it belonged to us." Plaintiff concedes that a statement of the titleholder cannot in and of itself convey land but claims it is important in ascertaining the intent of the titleholder. Of course, in the instant case, Elizabeh Doran never held paper title to the disputed tract.

The alleged statement of Elizabeth Doran might have had some bearing on defendant's claims of adverse possession, but it does not prove plaintiff's intention of adverse possession.

To reach the question of whether defendant interrupted plaintiff's adverse posession, it must first be established that plaintiff had adverse possession. We have previously determined that plaintiff did not have adverse possession of an identifiable tract.

We conclude that the plaintiff did not prove his case of adverse possession of the disputed property and that the decree for the defendant was not against the manifest weight of the evidence.

*Decree affirmed.*