JOHN WYATT et al., Plaintiffs-Appellants, v. THOMAS MYERS et al., Defendants-Appellees.

(No. 12187;

Fourth District—April 3, 1975.

John F. Adams, of Goehl, Adams, & Schuering, of Quincy, for appellants.

Loren E. Schnack, of Loos & Schnack, of Quincy, for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiffs appeal from an order of the circuit court of Adams county denying their complaint for ejectment following a bench trial. This action involves a boundary line dispute, and the sole issue presented is whether the judgment entered is against the manifest weight of the evidence.

On September 11, 1958, plaintiffs, John and Eleanor Wyatt, purchased the following real property:

"The Northeast Quarter of Section Seven (7) in Township One (1) North of the Base Line, in Range Seven (7) West of the Fourth Principal Meridian, in Adams County, Illinois."

On November 14, 1961, defendants Thomas and Pearl Myers purchased real property to the east and adjacent to plaintiffs' property. This property is described as follows:

"The West Forty-three (43) acres of the South half of the Northwest Quarter of Section Eight (8) in Township One (1) North of the Base Line, in Range Seven (7) West of the Fourth Principal Meridian, situated in the county of Adams and State of Illinois."

At the time of plaintiffs' purchase of their property in 1958 (and for many years before this), an old wire fence separated the acreage to the east. On December 21, 1966, plaintiffs agreed with the Myers to have

the old fence bulldozed. In 1970 the Myers' property was sold on contract to defendants Clyde and Frances Stoll. On January 18, 1971, T. J. Berglind, a land surveyor, placed an iron stake at where he concluded the section line was located. Plaintiffs were, however, not satisfied with this placement, and placed a wooden stake 22 feet east of the Berglind stake. The plaintiffs then proceeded to hire another land surveyor, William Klingner and Associates, to locate and mark the boundary between the two tracts. The Klingner surveyors placed a stake 34 feet east of the Berglind iron stake and 12 feet east of plaintiffs' wooden stake. On December 3, 1971, plaintiffs filed a complaint for ejectment. Prior to trial plaintiffs and defendants transported a backhoe to the site in question in order to excavate the township road (this gravel road formed the southern boundary of both parcels) and ascertain the existence of any monuments which may have been buried in the roadway. Pursuant to this excavation a red stone monument was found in the center of the roadway between the Berglind stake to the north and the Tallcott fence, a north-south divisional fence, located on the south side of the township road. Further excavation revealed an iron pipe located beneath the township road approximately 34 feet east of the red stone monument and at approximately the same position as the Klingner stake to the north.

At the trial William H. Klingner testified as to the techniques used in making his survey and stated that the Tallcott fence to the south of the township road was approximately 34 feet west of what he considered to be the true section line. He stated that he personally reviewed the survey records at the county recorder's office from the first recording to the present time. He further stated that his examination revealed that other surveyors had stated that there was a red stone in the road marking the section line (placed there in the middle 1800's), but that these surveyors doubted the correctness of the stone because it had been established by 'crop lining' and suggested a resurvey. He then stated that his professional opinion was that the red stone monument was a mistake, and that the true section line was where the Klingner stake was located, approximately 34 feet east of the red stone. He further stated that the Berglind stake was erroneous because it was placed simply to line up with the Tallcott fence to the south of the township road. He stated that if the Berglind stake was taken as the true section line then defendants' property would be 44 acres in contradiction to the 43 acres recited in defendants' deed. On cross-examination he stated that his survey had been accomplished through use of the placement of a buggy axle, and that the two employees who did the actual surveying were not registered land surveyors. He further stated that to obtain a correct survey one

would have to start at the far southeastern corner of the entire township, something his surveyors did not do. George Tenvorde, a nearby property owner, testified that the old wire fence separating the properties that was later bulldozed was located two rods east of the Berglind stake. A Mr. Dudley testified that the old wire fence was approximately 25 feet east of the Berglind stake. Plaintiff, Eleanor Wyatt, stated that the old wire fence was closer to the Klingner stake than to the Berglind stake.

Leaton Starman, a bulldozer operator, testified that in 1966 he removed the old wire fence which was about 10 feet east of the Tallcott fence across the road. Robert Tallcott testified that the north-south fence on his property was in line with the monument in the center of the road. Harold Tallcott testified that the old wire fence across the road to the north was within 1 or 2 feet of being in line with his fence to the south. James Tieken gave similar testimony. Defendant Clyde Stoll also stated that the old wire fence was lined up within a few feet of the Tallcott fence and the old stone monument. Defendant Myers testified that the old wire fence was in a direct line, within 1 or 2 feet, of the Tallcott fence to the south.

The court then found in favor of defendants stating that the dividing line shall be the old stone monument in the middle of the township road, and that defendants had established by adverse possession all property east of that dividing line.

Plaintiffs contend that the finding of the trial court as to the location of the dividing line is against the manifest weight of the evidence. Plaintiffs cite the fact that their survey (the Klingner stake) was more 'scientific' and was consistent with the 43-acre recital in defendants' deed. We do not agree with plaintiffs' statement of the issue and find these considerations to be irrelevant to the real issue underlying this litigation. Defendants' answer pleaded the affirmative defense of adverse possession to the ejectment action, and the trial court ascertained the disputed boundary line by specifically finding that defendants had proved such adverse possession. We hold that this finding is not against the manifest weight of the evidence. Our review of the record indicates that for many years the old wire fence separated the two pieces of land in question. Plaintiff testified that he and his predecessors in title had always claimed and exercised dominion and control over the old wire fence, and that defendants had always exercised dominion and control over the land on the east side of the old fence. Since adverse possession was clearly established, the only question then became the true location of the old fence. The evidence is contradictory in this regard. George Tenvorde, a neighboring landowner, testified that the old fence was 2 rods east of the

Berglind stake. A Mr. Dudley testified that the old fence was approximately 25 feet east of the Berglind stake. Plaintiff, Eleanor Wyatt, testified that the old fence was closer to the Klingner stake than to the Berglind stake. Leaton Starman, the bulldozer operator who removed the old fence, testified that the old wire fence was about 10 feet east of the Tallcott fence (or the Berglind stake). Harold Tallcott, James Tieken, defendant Clyde Stoll, and defendant Thomas Myers testified that the old fence was within 1 or 2 feet of being in line with the stone monument and the Tallcott fence to the south (and inferentially with the Berglind stake to the north). No authority is necessary for the proposition that the trial judge is in a better position to determine the credibility of these witnesses and to solve this factual dispute than is this court. His decision to believe the Tallcott, Tieken, Stoll and Myers line of testimony is clearly not against the manifest weight of the evidence.

Accordingly, for the reasons stated above the judgment of the circuit court of Adams county is hereby affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.