WOODROW WILSON BRIDGES *et al.*, Plaintiffs-Appellees, *v.* MARY L. NEIGHBORS, Defendant-Appellant.

(No. 74-315;

Fifth District—September 30, 1975.

Robert S. Hill, of Benton, for appellant.

Harris and Lambert, of Marion, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiffs, Woodrow Wilson Bridges and Marian J. Bridges, brought an action to quiet title and a count for trespass against the defendant, Mary L. Neighbors, the owner of adjoining property, in the Circuit Court for Saline County. The land in dispute was a 42′ by 92′ strip of land which lies between the residences of the litigants. The trial court found for the plaintiffs and defendant appeals.

Although counsel for the defendant did not clearly frame the issues for this appeal, nor did the appellees attempt to refine the issues presented, it appears that the appeal presents the following issues: (1) whether an action to quiet title was the proper action for plaintiff to institute and whether defendant has waived any grounds for objecting to the style of plaintiffs' action; (2) whether the stipulation entered into by counsel at trial sufficiently established the plaintiffs' legal ownership of the disputed property so as to require the defendant to prove her title in the land by adverse possession; (3) whether the trial court's finding and decree that defendant had failed to prove her claim of adverse possession was against the manifest weight of the evidence; (4) whether the trial court erred in refusing to permit defendant to amend her answer after judgment had been entered; and (5) whether the awarding of damages to the plaintiffs for defendant's trespass was unsupported.

The parties stipulated to many of the relevant facts. The plaintiffs received title by warranty deed on August 11, 1970, to lots one (1), two (2), and three (3) in Block One (1) in Sloan's first addition to Dorrisville, Illinois, now within the corporate limits of Harrisburg, Illinois. They recorded the deed. The defendant owns an adjoining parcel of land, described as the south one-half of the south one-half of Block 37 of Dorris' Third Subdivision of the Northeast Quarter of the Southwest Quarter of Section 21, Township 9 South, Range 6 East of the Third Principal Meridian, which lies immediately west of plaintiffs' tract. Barnett Street, which runs east and west, runs along the south side of both properties.

Dorris' Third Subdivision was platted and recorded in 1904, and

Sloan's Subdivision was laid out in 1906. The plat of Dorris' Subdivision reveals that in establishing the east boundary of defendant's lot, the surveyor erred in that he platted 41 or 42 feet more than he actually measured. Thus the original plats of the two subdivisions overlapped. The parties stipulated, however, that the plaintiff's survey, which indicates that the plat of Sloan's first addition to Dorrisville, under which plaintiffs claim legal title to the disputed land, represents the correct boundary line.

Eleven photographs, which the parties agreed depicted the area in question, were admitted into evidence. They also agreed that the issues in the lawsuit were twofold: one, the question of adverse possession by the defendant; and two, damages, if any, for trespass by the defendant. The parties further stipulated to the genuineness of plaintiffs' Exhibit 13, a bill for $405.30 received by the plaintiff for reinstallation of the fence posts that were removed from the disputed property by the defendant shortly before the commencement of this action.

■■ Defendant first contends that plaintiffs did not have a right to have title quieted and thus their action to quiet title in the disputed property was inappropriate. We need not reach the contention, and express no opinion upon it, because this court cannot consider that issue. An issue not presented to or considered by the trial court cannot be raised for the first time, on appeal. (*Kravis v. Smith Marine, Inc.,* 60 Ill.2d 141.) Here, defendant made no attack upon the sufficiency of plaintiffs' claim, or upon their theory of action. Furthermore, she made no attack upon the plaintiffs' theory of action in her post-trial motion.

The civil practice rule that in a nonjury case, neither the filing of, nor the failure to file, a post-trial motion limits the scope of review (Supreme Court Rule 366(b)(3)(ii), Ill. Rev. Stat. 1973, ch. 110A, par. 366(b)(3) (ii); *City of Chicago v. Mid-City Laundry Co.,* 8 Ill.App.3d 88) is inapposite here. That rule only provides that issues which have been considered by the trial court in a nonjury case need not be included or specified in any post-trial motion to be preserved for appeal. Defendant, having made no attack against the correctness of plaintiffs' action in the trial court at any stage of the proceedings, cannot first raise that issue on appeal.

■■ Defendant next contends that the trial court erroneously imposed upon her the burden of going forward with evidence to prove her right to the disputed land by adverse possession. We disagree. Counsel for defendant at trial entered into various stipulations, among which were: that plaintiffs' Exhibit 1 was a true and correct plat, and an accurate and correct survey, showing the legal description of the plaintiffs' property; that the surveyor who laid out the plat under which the defendant

claimed title to the disputed land had measured out 1389 feet, but had platted 1430 feet; that plaintiffs' Exhibit 1 showed the true and accurate survey line of plaintiffs' property; and that the only issues in the case were defendant's adverse possession and plaintiffs' damages. From these stipulations, it is evident that counsel at trial agreed that the plaintiffs were the legal owners of the disputed property, subject only to defendant's claim of adverse possession.

Defendant claims that this interpretation of counsels' stipulation is contrary to the stipulation that defendant owned the South half of the South half of Block 37 of Dorris' Third Subdivision. She argues that since it was stipulated that she was the owner of that property in Dorris' Third Subdivision, she too is the legal owner of the disputed property, it being included on the plat of the subdivision. This contention though is plainly contrary to the obvious understanding of the parties at trial when it was stipulated that the plat of the Dorris Subdivision was in error. The defendant, having stipulated to the plaintiffs' legal ownership of the disputed land, had the burden of proving her adverse possession.

■■ The parties clearly stipulated that the only real issue to be determined by the court was the defendant's adverse possession, which would also determine the issue of plaintiffs' damages. By doing so, they bound themselves, and the court, to decide the case only upon that issue. "Where the parties by stipulation prescribe the issues on which the case is to be tried this amounts to a binding waiver or elimination of all issues not included in the stipulation." (*Western National Bank v. Village of Kildeer*, 19 Ill.2d 342, 346.) In addition, since the trial proceeded upon the stipulation and defendant made no objection to that procedure, she cannot now complain. A party on appeal cannot urge that the trial court erred where any error committed was made pursuant to his stipulations and acquiescence in the proceedings. *Alan Drey Co. v. Generation, Inc.*, 22 Ill.App.3d 611.

■■ To bar the plaintiffs' assertion of their legal title to the disputed land and to establish her right in the land by adverse possession, the defendant had to establish clearly and unequivocally that her possession had been (1) hostile or adverse, (2) actual, (3) visible, notorious, and exclusive, (4) continuous and (5) under claim of ownership. (*Cagle v. Valter*, 20 Ill.2d 589.) Defendant failed to carry her burden of proof as to the disputed tract in that her adverse possession was not continuous for a period of 20 years, as required by statute. Ill. Rev. Stat. 1973, ch. 83, par. 1.

Apparently at the time of trial, defendant owned both the north and the south halves of the south half of Block 37 of Dorris' Third Subdivision. She called nine witnesses to testify and testified herself. Plaintiffs called

two witnesses to rebut defendant's case. From this testimony, defendant's claim of adverse possession was uncontradicted from 1935 to 1946, and 1953 to 1968 as to the disputed land east of the north half of the south half of Block 37, and from 1937 to 1946 and 1956 to 1968 as to the disputed land east of the south half of the south half of Block 37. Defendant's proof of adverse possession was contradicted by defendant's own witness, Paul York, who owned the south quarter of Block 37 from 1946 to 1949; by plaintiffs' witness Stella Stimpson, a nearby resident since 1948; and by plaintiffs' immediate predecessor in title, Donald Wallace, who owned the property from 1968 to 1970.

Paul York testified that the land east of his property, that is part of the disputed land here, was overgrown and unkept, and that the defendant and her mother only cut the grass and weeds in that area twice in that 3-year period. Stella Stimpson, who had lived east of the plaintiffs' property since 1948, also testified that at least the eastern part of the disputed land was overgrown, unkept, and had to be cleaned off by the nearby residents in the early 1950's. She also testified, however, that after the disputed area was cleaned up, she saw defendant mowing it on several occasions. Donald Wallace, who in 1968 purchased the property which plaintiffs now own, testified that it took him several days to clean up fallen limbs and other debris in the eastern part of the property now in question.

The chief testimony that defendant did exercise adverse possession over the area came from the defendant and her daughters, Carla Burton and Phyllis Scott. However, defendant's testimony was the only evidence supporting her claim between 1946 and 1953. During that period defendant admittedly was not living in Block 37, but a couple of blocks away. She said that first her mother, and then her husband and she, maintained and mowed the disputed tract, even between 1951 and 1953, when she and her husband were working in South Bend, Indiana.

■■ Thus, there was no uncontradicted 20-year time period in which defendant exercised adverse possession of the disputed land. The trial court had to choose to believe one of two inconsistent versions of past events. It was in a better position to assess and judge the credibility of the witnesses and therefore we will not disturb its finding of fact unless they are against the manifest weight of the evidence. (*Schulenburg v. Signatrol, Inc.*, 37 Ill.2d 352, *Brown v. Zimmerman*, 18 Ill.2d 94.) Here we cannot say that they are against the manifest weight of the evidence.

■■ We note that plaintiff's contention, namely that the defendant has failed to prove the boundary lines of the land to which she is asserting adverse possession, is not supported by the evidence. It is well established that the adverse possessor must clearly and unequivocally prove

the location of the boundaries he claims. These boundaries must be definitely established at the beginning, during, and at the completion of the period of adverse possession. (*Cannella v. Doran*, 21 Ill.2d 514; *McClellan v. Knig*, 133 Ill.App.2d 914; see *Wyatt v. Myers*, 26 Ill.App.3d 1086, 1088.) In the instant case, the boundaries of the land claimed under the doctrine of adverse possession by the defendant are, notwithstanding her confusing testimony in this regard, clearly established by the stipulations entered into by the parties. The area in question is a rectangular piece of land, the dimensions of which correspond to the overlap of the platted subdivisions. According to the plaintiffs' survey, which the parties stipulated are accurate, the disputed land is 42.3 feet wide and approximately 92' long and lies immediately east of the south half of Block 37 of Dorris' subdivision as presently delimited. Color of title to the contested plat has inhered in the defendant and her predecessors in interest since 1904, when Dorris' Subdivision was platted.

■■ Another contention raised by defendant is that the trial court erred in denying her post-judgment motion for leave to amend her answer. Defendant wished to amend her answer to include an additional affirmative defense, based upon payment of taxes for 7 consecutive years under color of title on the disputed land. (Ill. Rev. Stat. 1973, ch. 83, par. 6.) A pleading may be amended after judgment to conform it to the proof. (Ill. Rev. Stat. 1973, ch. 110, par. 46(3).) But here there was no proof that defendant had paid taxes on the disputed property for a period of 7 consecutive years. One claiming the benefit of this statute must prove not only that he actually possesses the land under color of title but also that he has paid taxes thereon for 7 consecutive years. Our supreme court has similarly construed section 7 of "An Act in regard to limitations" (Ill. Rev. Stat. 1973, ch. 83, par. 7) in *Failoni v. Chicago & North Western Railway Co.*, 30 Ill.2d 258. The only difference here pertinent between section 6, and section 7, is that the latter relates only to vacant and unoccupied lands while section 6, with which we are dealing, states a rule of broader application. The court in *Failoni* required the claimant under section 7 to affirmatively prove the elements necessary to claim under the statute. We hold that defendant here was also required to prove the elements of her claim under section 6. Since she did not establish at trial her payment of taxes on the disputed land for the requisite period, the trial court was correct in denying her post-judgment motion to include section 6 as a basis for an affirmative defense.

●■ Finally, defendant asserts that there was no proof that she trespassed upon land belonging to the plaintiffs. However, it is apparent from the record that counsel understood that this issue would be determined by the question of adverse possession. The record shows that defendant

admitted tearing down the fence posts erected by the plaintiff on the disputed property. Since we do not disturb the ruling of the trial court that defendant failed to establish her right in the land by adverse possession, we also agree with its finding that defendant trespassed upon plaintiffs' property. The parties apparently stipulated to the amount of plaintiffs' damages contingent upon the determination of the ownership of the disputed land. Thus, defendant has no basis for complaint.

For the foregoing reasons, we find that the judgment was proper in its awarding of damages to the plaintiffs and that the circuit court properly enjoined defendant from destroying, interfering with, or trespassing upon plaintiffs' property east of the dividing line shown by plaintiffs' survey.

Thus, the judgment of the Circuit Court of Saline County is affirmed.

Affirmed.

JONES, P. J., and G. MORAN, J., concur.