LOIS J. SCHERTZ *et al.*, Trustees, Plaintiffs-Appellants, *v.* WARREN RUNDLES, Defendant-Appellee.

Fourth district   No. 13681

Opinion filed May 16, 1977.

Hayes and Flynn, of Bloomington (George R. Flynn, of counsel), for appellants.

Harrod & Harrod, of Eureka (Samuel G. Harrod, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Plaintiffs Lois J. Schertz and Robert Schertz, as trustees, sued defendant Warren Rundles in the Circuit Court of Woodford County seeking ejectment, declaratory judgment, the quieting of title, an injunction and money damages. After a bench trial, the court denied all relief. Plaintiffs appeal.

At issue is the ownership of a strip of land 30 feet in width in an east and west direction and one quarter of a mile in length in a north and south direction. Plaintiffs own the land on the east of the strip and defendant the land on the west. The west boundary of the strip is a quarter-quarter section line. The east boundary is marked by a fence. Plaintiffs claim ownership to the strip by mesne conveyances each of which purported to convey the entire quarter-quarter section of which the strip is a part. Defendant claims ownership by adverse possession. Prior to May 27, 1935, a north-south road existed near the quarter-quarter section line. On or about that date, the board of town auditors of the township passed a resolution vacating the road. Subsequently a fence was erected along the center line of the road.

Defendant obtained a conveyance to the quarter-quarter section west of the strip in December of 1953. At that time there was a fence upon the east boundary of the strip and he testified that he believed that his land extended to the fence. He has continuously used the land in the strip all the way to the fence. He has pastured livestock on it, built a driveway on part of it and burned refuse on another part of it. He has also repaired and maintained the fence. The quarter-quarter section on the east was

conveyed to Lois Schertz in April of 1966. Subsequently she conveyed the land to the trust which now holds it. Plaintiffs concede that neither Lois Schertz as an individual nor the present trustees have ever been in possession of the strip.

■■ In order to vest title in land by adverse possession, the claimant must clearly and unequivocally show that he and those under whom he claims have had a possession which was hostile, visible, notorious and exclusive under claim of ownership for a 20-year period. (*Bridges v. Neighbors* (1975), 32 Ill. App. 3d 704, 336 N.E.2d 233.) Possession by one believing that he holds title is hostile even though that person is, in good faith, mistaken, as to his belief. (*Cassidy v. Lenahan* (1920), 294 Ill. 503, 128 N.E. 544; *Ewald v. Horenberger* (1976), 37 Ill. App. 3d 348, 345 N.E.2d 524.) In *Daily v. Boudreau* (1907), 231 Ill. 228, 83 N.E. 218, it was stated that adverse possession is proved under those circumstances even though the possessor did not intend to claim land that was not his.

The trial court based its ruling upon a finding that defendant and his predecessors in title had been in "open, adverse, hostile and continuous" possession of the strip for at least 20 years prior to 1957. Accordingly, the court did not have to pass upon the nature of defendant's possession after 1957. The evidence of the possession and use of the strip prior to 1957, however, was extremely limited. No showing was made as to the continuous existence of the fence or that the possessors of the west tract continuously pastured cattle up to the fence line. Neither was there any showing of when the driveway was put in. We agree with plaintiffs that defendant did not make a sufficient showing of adverse possession of the strip in the title holders to his tract during the entire 20-year period. Accordingly, the ruling of the trial court can be affirmed only if we rule that, as a matter of law, defendant himself was shown to be in adverse possession for a continuous 20-year period.

■■ The evidence is undisputed that defendant was in possession of the strip for the 20 years after his purchase of the adjoining 40 acres. Plaintiffs' argument disputes that this possession was hostile and adverse. They place strong reliance upon a written lease entered into between defendant and a former owner of plaintiffs' tract in March of 1957. By the terms of the document, defendant leased for pasture purposes, 52 acres lying west of U. S. Route 51 in the south half of the quarter section where plaintiffs' land lies. The lease was renewed orally each year thereafter for several years. The evidence shows that there were more than 52 acres in the south half of the quarter section lying west of Route 51. Regardless of whether the lease did purport to include the strip, however, we conclude that under the evidence in this case, the existence of the lease does not negate the hostility and adversity of defendant's possession.

■■ Defendant testified that when he signed the lease and while the

lease was in operation, he believed that he owned the land eastward to the fence and that the east boundary line of his quarter-quarter section was the fence. He stated that he thought the land he was leasing was east of the fence and thus did not include the strip. He further stated that during the terms of the lease he maintained the fence on the east edge of the strip because be believed that he was required to maintain his half of it anyway. No evidence disputed defendant's belief as to the boundary line at the time of the execution of the lease. Ordinarily when a possessor of land agrees to lease that land from another, the lease acts as an acceptance by the lessee of the ownership of the land leased by the lessor and negates any hostility or adversity to the lessee's possession. (*Pullman Car & Manufacturing Corp. v. Stroh* (1932), 349 Ill. 492, 182 N.E. 399.) Where, as here, however, the land in dispute is adjacent to the lessee's land, enclosed with his land by a fence and the lessee does not think that the land in dispute is covered by the lease, the lease would not logically operate to negate the hostile and adverse nature by which the disputed land is possessed (see *O'Flaherty v. Mann* (1902), 196 Ill. 304, 63 N.E. 727). As in *Lenahan, Ewald* and *Daily* the key element in determining whether the possession is hostile and adverse is the state of mind of the possessor. Here, clearly throughout the operation of the lease prior to the purchase by Lois Schertz, defendant thought he owned the strip.

There is no evidence that defendant knew of a dispute about the strip until he had a conversation with Robert Schertz upon this subject after Mrs. Schertz had purchased the property. The conversation apparently resulted in an offer by Mr. and Mrs. Schertz to rent the property to defendant for 10 years at a rental of $1 per year. Defendant then considered the offer and refused it. Plaintiffs maintain that this conduct upon the part of defendant was an acquiescence by defendant in plaintiffs' ownership. The offer was apparently refused because the effect of the agreement would place ownership in plaintiffs after 10 years. We interpret the refusal of defendant to accept a lease of the strip for 10 years for nominal rent to indicate a claim on his part that he owned the strip and should not have to give up possession after 10 years.

■■ During the Schertz' ownership of the east 40-acre tract, they attempted to place a fence upon the quarter-quarter section line. As soon as defendant heard of this he ordered the person erecting the fence off of the strip and they complied. We do not see that this evidence strengthens plaintiffs' case. We consider that during the entire period from defendant's purchase in 1953 he was in actual, visible and notorious exclusive possession of the strip. Taking plaintiffs' evidence most favorably to them we also think the evidence shows conclusively that defendant's possession was at all times hostile and adverse to the true owners of the strip. We find the court's denial of the requested relief in

ejectment, declaratory judgment, quieting title and injunction to be proper. The propriety of the denial of the request for money damages was not argued on appeal. The trial judge's ruling is supported upon the basis of the statute of limitations and breach of the lease conditions by the plaintiffs.

We affirm.

Affirmed.

REARDON and HUNT, JJ., concur.