FRANK SHISHILLA, Plaintiff and Counterdefendant-Appellee, *v.* KENNETH C. EDMONSON, Defendant and Counterplaintiff-Appellant.

Third District   No. 77-517

Opinion filed June 5, 1978.—Rehearing denied July 27, 1978.

Samuel G. Harrod and Daniel M. Harrod, both of Harrod & Harrod, of Eureka, for appellant.

David M. Lynch, of Westervelt, Johnson, Nicoll & Keller, of Peoria, for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

This litigation originated when two neighbors both claimed ownership of a mulberry tree located between their houses. According to the evidence in the record, in November of 1950, defendant Kenneth C. Edmonson purchased a newly built home in Northland Subdivision of Peoria, Illinois. A north-south hedge was located about seven feet west of

defendant's house, and a chain link fence was in place just west of the hedge. The hedge and fence ran from the north edge of defendant's backyard south as far as the edge of his home. About 15 years ago, a mulberry tree grew up in the hedgerow. Defendant had been told that his property extended over to the hedge, and therefore he planted and mowed grass and treated the area up to the hedge as part of his yard.

In 1970 plaintiff Frank Shishilla purchased the house and lot west of defendant and, he says, after discovering surveyor's stakes fixing his east boundary line six feet east of the hedge within one foot of defendant's house, he informed defendant of the location of the boundary line in July or August of 1970. Defendant does not recall plaintiff's version of the conversation, but he does remember telling plaintiff that the hedge was plaintiff's. Plaintiff trimmed the hedge and also trimmed the mulberry tree on occasion, while defendant continued to mow up to the hedge in his backyard. At times both parties mowed the front yard portion of the disputed property.

Early in 1976 defendant erected a chain link fence from the corner of his house west to the hedgerow fence in order to complete the enclosure of his backyard for his dog, and later he "girdled" the mulberry tree by cutting deeply into the bark all around. When plaintiff discovered that he no longer had access to the strip of his property east of the hedge, he asked defendant to remove the short piece of fence and demanded compensation for the tree. Defendant refused these requests, so plaintiff took down the north-south fence, removed the hedge, and tilled the disputed area. After several acrimonious encounters between the neighbors, plaintiff filed this action to recover damages for the tree, and defendant counterclaimed, asserting title by adverse possession to the tree and to the six-foot-wide strip of yard. Defendant alleged that he occupied and used the disputed property from November 15, 1950, until March of 1976, and that he has been in "actual, open, exclusive, continuous, notorious, hostile and adverse possession" for more than 25 years. The parties stipulated that the value of the tree was $500 and that the cost of removal would be $165. After a bench trial, the trial court rejected defendant's claim of title by adverse possession and awarded plaintiff $665 damages. Defendant appeals.

■■■ Under section 1 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 1), title to real estate can be acquired by 20 years of possession adverse to the claim of title by the true owner. The legal requirements for establishing adverse possession were stated succinctly in *Schwartz v. Piper* (1954), 4 Ill. 2d 488, 492-93, 122 N.E.2d 535, as follows:

> "It is well settled that the adverse possession which is required to constitute a bar to the assertion of a legal title by the owner must include these five elements: It must be (1) hostile or adverse, (2)

actual, (3) visible, notorious and exclusive, (4) continuous, and (5) under claim of ownership\* \* \*. Furthermore, the doctrine of adverse possession is to be taken strictly. It cannot be made out by implication or inference. The presumptions are all in favor of the true owner, and the proof, in order to overcome such presumptions, must be strict, clear and unequivocal."

■■ Defendant contends that the trial court erred in refusing to award him title by adverse possession when the undisputed evidence showed that he occupied and used the strip for 25 years under the belief that he owned the land to the hedge line. We acknowledge that the type of possession required need not be more full than the character of the land permits, depending upon the nature of the property and the uses to which it is adaptable, so that maintenance of a fence can be sufficient to constitute possession of vacant land. (*Walter v. Jones* (1958), 15 Ill. 2d 220, 154 N.E.2d 250.) We also agree that adverse possession can be established where the claimant occupies the land under a mistake as to the true boundary line. (*Schertz v. Rundles* (4th Dist. 1977), 48 Ill. App. 3d 672, 363 N.E.2d 203.) However, to say that the evidence in this case *could* support defendant's claim is not enough.

■■ The question on appeal is whether the judgment of the trial court was contrary to the manifest weight of the evidence. (*Duncan v. Abell* (1930), 340 Ill. 613, 173 N.E. 59.) We must look at the record to see if there is sufficient evidence to support the judgment. Plaintiff testified that in July or August of 1970, he pointed out to defendant the surveyor's stakes marking the boundary line east of the hedge and that he trimmed the hedge annually. From this evidence the court could conclude that plaintiff had claimed title to the disputed strip since July or August of 1970. Defendant admitted informing plaintiff that the hedge was his. From this testimony the court could find that defendant's use of plaintiff's property was nothing more than a permissive use up to the time he erected the short length of fence of 1976. Much of the remaining evidence seems to us to be either inconclusive or contradictory.

Most apt is the statement in *Melliere v. Kaufmann* (5th Dist. 1968), 93 Ill. App. 2d 242, 248, 236 N.E.2d 147, where the court said: "Since the evidence in the present case was somewhat conflicting and confusing, and since proof of adverse possession must be clear and convincing, we do not believe that the trial court's finding that adverse possession was not proved \* \* \* was against the manifest weight of the evidence."

For the reasons stated, we affirm the judgment of the trial court.

Affirm.

ALLOY and STOUDER, JJ., concur.